Rockingham
No. 98-762

### DANIEL W. HARVEY

v.

### DOUGLAS T. AND MARY M. HSU

July 29, 1999

*James H. Schulte*, of Dover, by brief and orally, for the plaintiff.

*Watson, Lyons & Bosen, P.A.*, of Portsmouth (*John E. Lyons, Jr.* on the brief and orally), for the defendants.

THAYER, J. The plaintiff, Daniel W. Harvey, appeals from a Superior Court (*Gray*, J.) order denying his petition to quiet title. We affirm.

The plaintiff owns property located on the east side of Brackett Road in Rye. Since 1977, the defendants, Douglas T. and Mary M. Hsu, have owned a parcel abutting the plaintiff's land and situated between the plaintiff's parcel and Brackett Road. The plaintiff claims title to a lane connecting his property to Brackett Road. The lane is bounded on the northeast by property owned by the Conservation Commission. The defendants' house is set on the southwest side of the lane, and the defendants have been using the lane as a driveway.

The defendants denied that the plaintiff owns the lane, and filed a counterclaim asserting that in the alternative, they have acquired title by adverse possession. The court, after taking a view, denied the plaintiff's petition to quiet title. The court further stated that "[e]ven if there were a lane to which the plaintiff could prove that he was the title owner, the defendants have become the title owner of any 'lane' by adverse possession."

The plaintiff appeals. He contends that the trial court erred in concluding that: (1) the plaintiff is not title owner to the strip of land in question; and (2) the defendants pled and proved adverse possession.

The plaintiff first argues that the court erred in finding that he is not the title owner of the disputed land. "In such cases, particularly where the [trial judge] has had the benefit of a view, we can only reverse for errors of law or if the findings of fact are not supported by the evidence." *Sheris v. Morton*, 111 N.H. 66, 69, 276 A.2d 813, 815 (1971), *cert. denied*, 404 U.S. 1046 (1972). "The interpretation of deeds in a quiet title dispute is ultimately to be resolved by this court." *Flanagan v. Prudhomme*, 138 N.H. 561, 565, 644 A.2d 51, 55 (1994). "Our determination of disputed deeds is based on the parties' intentions gleaned from construing the language of the deed from as nearly as possible the position of the parties at the time of the conveyance and in light of surrounding circumstances." *Id.* at 565-66, 644 A.2d at 55.

Resolution of this dispute requires a detailed review of both parties' chains of title. The parties are abutting landowners whose titles derive from a common grantor, Robinson Foss. The defendants' chain of title begins in 1844 when Robinson Foss conveyed one-half acre to Thomas Green. The defendants ultimately acquired the lot deeded to Green. The Foss-Green deed described the conveyed parcel as being bounded "northeasterly by a Lane belong-

ing to the [grantor]." The strip in dispute is the "lane" referred to in the deed to Green. The plaintiff asserts that the Foss-Green deed description, "northeasterly by a Lane belonging to the [grantor]," means that Foss was retaining the lane and not conveying it to Green. Even if that is true, it does not necessarily lead to the conclusion that the plaintiff is currently the title owner of the lane.

In terms of the plaintiff's chain of title, in 1867 Robinson Foss conveyed land, presently owned by the plaintiff and adjacent to the Green parcel, to Hardison Foss. The Robinson Foss-Hardison Foss deed did not convey all of the remainder of Robinson Foss' property. In 1872, Hardison Foss made conveyances to Sylvanus Foss that included the plaintiff's parcel. The property was then devised by will from Sylvanus Foss to Bertha Foss in 1933, and subsequently devised to Analesa McLeod in 1963. The plaintiff ultimately acquired the parcel in 1981 by will from Analesa McLeod. The relevant portion of the deed in the plaintiff's chain describes the parcel as bounded:

Northwesterly on land of . . . Thomas Green and others,
Northeasterly on lands of John S. Remick . . . .

The plaintiff contends that the lane in question was situated between Green's and Remick's land, and was included by the reference to the northwesterly abutters, "Green and others." The plaintiff's expert recognized, however, that the deeds in the plaintiff's chain of title describe his land as abutting the "land of Green but not the road." The court found that there was no evidence contradicting the defendants' position that no lane such as the one claimed by the plaintiff was ever reserved or included in any deed description in the plaintiff's chain of title. Our review of the deed reveals no reference to the described land as abutting Brackett Road, or its predecessor, Back Road. Furthermore, the defendants introduced into evidence a sketch made by the plaintiff's expert of the Robinson Foss-Hardison Foss conveyance in the plaintiff's chain of title. The expert admitted at trial that his sketch of the deed description does not include the lane. Both of the plaintiff's experts further conceded at trial that the plaintiff's chain from the common grantor had no reference to such a lane running to Brackett Road.

The plaintiff argues that if the Robinson Foss-Hardison Foss deed did not convey the lane, then Robinson Foss would have conveyed all of his adjacent land except for a lane measuring fifteen feet, and Hardison Foss would have acquired a pasture but not the lane to access it. The plaintiff's argument overlooks the fact that

Robinson Foss did not convey all that he owned to Hardison Foss. Robinson Foss specifically reserved a tract of land in the sixty-acre conveyance to Hardison Foss. Based upon the evidence, therefore, we cannot say that the trial court erred in holding that the plaintiff is not title owner to the disputed lane. *See Flanagan,* 138 N.H. at 565, 644 A.2d at 55.

The plaintiff further contends that the defendants made admissions contrary to the court's ruling. The deeds from 1844 to 1966 in the defendants' chain of title describe the parcel consistently with the original grant from Robinson Foss. The deeds from 1966 to the present include essentially an identical description to their predecessors, but also include an alternative description. Specifically, in his petition to quiet title, the plaintiff alleges that the alternative description "attempts to move the northeasterly boundary 15 feet further to the northeast to abut a stone wall and land now or formerly of Remick and Tucker." The defendants admitted to this allegation. According to the plaintiff, this amounted to an admission by the defendants that the northerly boundary of their lot, as originally conveyed, was a lane belonging to Robinson Foss. The plaintiff concludes that the court's finding that "no such lane was ever intended, nor did one exist" was clearly erroneous and unsupported by the evidence. We disagree. The trial court's statement was made in relation to the plaintiff's deed. This statement was the final sentence in a paragraph discussing whether the deeds in the plaintiff's chain of title included a lane. When viewed in light of the order as a whole, the court's statement cannot reasonably be construed to mean that the trial court concluded that no lane existed at all.

 In light of our holding that the plaintiff is not title owner to the lane, we need not address the defendants' adverse possession claim against the plaintiff because that issue is moot. We have reviewed the plaintiff's remaining arguments and find them to be without merit and warranting no further review. *See, e.g., Vogel v. Vogel,* 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Denial of petition to quiet title affirmed.*

All concurred.