**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0750, <u>In the Matter of George Provencal and Laurie Provencal</u>, the court on November 23, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, George Provencal (husband), appeals the final decree of the Circuit Court (<u>Cross</u>, R., approved by <u>Lawrence</u>, J.) in his divorce from the respondent, Laurie Provencal, challenging the amount and duration of the alimony award. Specifically, he argues that the trial court: (1) erroneously reduced his claimed monthly expenses to support a finding that he has the ability to pay alimony; (2) failed to consider certain statutory factors in determining the amount of alimony to award; and (3) unsustainably exercised its discretion by ordering him to pay alimony at least until he reaches age sixty-seven. He also argues that the court unsustainably exercised its discretion by failing to provide that alimony will terminate if the wife cohabits with another person.

The trial court is afforded broad discretion in awarding alimony. <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. "Our role is not to review the alimony award <u>de novo</u>, but to determine only whether there is an objective basis sufficient to sustain the discretionary judgment made." <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 803-04 (2015) (quotation omitted). We will uphold its factual findings unless they are lacking in evidentiary support or tainted by error of law. <u>Nassar</u>, 156 N.H. at 772.

The trial court may award alimony, either temporary or permanent, for a definite or indefinite period of time, if it finds that:

(a) [t]he party in need lacks sufficient income, property, or both . . . to provide for such party's reasonable needs, taking into account the style of living to which the parties have become accustomed during the marriage; and (b) [t]he party from whom alimony is sought is able to meet reasonable needs while meeting those of the party seeking alimony, taking into account the style of living to which the parties have become accustomed during the marriage; and (c) [t]he party in need is unable to be self-supporting through

appropriate employment at a standard of living that meets reasonable needs . . . .

RSA 458:19, I (Supp. 2015).

In this case, the trial court found that the wife lacks sufficient income to provide for her reasonable needs, that the husband has the ability to pay the alimony she needs while meeting his own reasonable needs, and that the wife is unable to be self-supporting through suitable employment. The record supports these findings. The wife was injured at work more than fifteen years ago and is permanently disabled. She receives social security disability income of $1,320 per month. Her anticipated monthly expenses of $2,806, which the court found to be reasonable, exceed her income by $1,486 each month.

For purposes of its alimony award, the court accepted the husband's evidence that his income would decrease to $4,586 per month shortly after the final hearing. In his financial affidavit, the husband listed expenses of $5,638 per month. The court adjusted his expenses down to $3,561 per month, and ordered him to pay the difference of $1,025 per month in alimony until he reaches the age of sixty-seven, retires, or begins receiving social security benefits, whichever occurs last.

We first address the husband's argument that the trial court erred in reducing his discretionary expenses to approximate the wife's expenses, "in order to provide them with standards of living that are approximately equal and equivalent to the lifestyle they had during the marriage." He argues that "neither case law nor the alimony statute compels the mathematical precision that the trial court applied." The statute requires the trial court to consider "the style of living to which the parties have become accustomed during the marriage." RSA 458:19, I. Although RSA 458:19, I, does not require the trial court to equalize the parties' discretionary expenses, we cannot conclude, upon this record, that the trial court's decision to do so constituted an unsustainable exercise of discretion. See Kempton, 167 N.H. at 803-04.

The husband argues that the trial court effectively ordered him to pay "all of his disposable income in alimony." We disagree. The court reduced, but did not eliminate, the expenses listed in section six of his financial affidavit, allowing $942 per month, an amount equal to the wife's section-six expenses, for eating out, gifts and charitable donations, vacations, entertainment, and recreation.

The husband also argues that the trial court erred by eliminating his $295 monthly retirement contribution. We do not construe the trial court's order to rule, as the husband argues, that "if one party in a divorce does not have a retirement plan," then neither party may invest in retirement. Rather, we construe it to find that the husband does not need to contribute $295 per

2

month to retirement to meet his "reasonable needs." See RSA 458:19, I; see also In the Matter of Salesky & Salesky, 157 N.H. 698, 703 (2008) (We construe the trial court's order with reference to the issues it was meant to decide.). Based upon this record, we cannot conclude that the trial court's finding is unsupported by the record. See Nassar, 156 N.H. at 772.

The husband argues that the trial court left him "without any financial buffer" in the event of any adverse financial circumstances. We disagree. As previously noted, the trial court did not reduce the husband's expenses to a bare minimum. Moreover, nothing in the record shows that wife has any greater "financial buffer" than the husband. On the contrary, as the court noted, even with the alimony award, she "will still have a monthly shortfall of $361." Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in adjusting the husband's expenses. See Kempton, 167 N.H. at 803-04.

We next address the husband's argument that the court failed to consider factors enumerated in RSA 458:19, IV(b) (Supp. 2015). In determining the amount of alimony to award, the court may consider the value of economic and non-economic contributions to the family unit, RSA 458:19, IV(d) (Supp. 2015), and:

> shall consider the length of the marriage; the age, health, social or economic status, occupation, amount and sources of income, the property awarded . . ., vocational skills, employability, estate, liabilities, and needs of each of the parties; the opportunity of each for future acquisition of capital assets and income; the fault of either party . . . and the federal tax consequences of the order.

RSA 458:19, IV(b) (Supp. 2015).

In its order, the trial court found that: (1) the marriage was long term; (2) the wife is disabled and cannot work; (3) the wife is older than the husband, and her health is considerably worse; (4) the husband "has no permanent disabilities and expects to work until he is 67 years old"; (5) the wife's income is "extraordinarily low"; (6) the husband earns nearly three times more than the wife; (7) the husband has historically earned far greater income than the wife; and (8) the husband is able "to increase his income with overtime and shift differential, when they are available." These findings address the RSA 458:19, IV(b) factors. Although the court relied upon these findings as factors that would support an award of lifetime alimony, we assume that it also considered them in determining the amount of alimony. See Salesky, 157 N.H. at 703.

The husband argues that the court failed to consider other factors, including that, at age fifty-five, he is "in the twilight of his earning years," that his health will naturally decline, that his income is not necessarily secure, and

3

that if he should lose his job, his prospects for employment may be limited. The fact that the trial court did not discuss these facts in its order does not imply that it did not consider them. In re Jonathan T., 148 N.H. 296, 304 (2002). Moreover, we note that such changes might justify modification of alimony. See In the Matter of Doherty & Doherty, 168 N.H. 694, 701 (2016).

We next address the husband's argument that the trial court erred in ordering him to pay alimony at least until he reaches age sixty-seven. He argues that the court's order "leaves [him] with no choice but to work until the age of 67, even if he would otherwise desire to retire sooner." The husband testified that, although he would like to work "less," he will "probably end up working . . . until they throw me out," noting that he will receive retirement benefits when he reaches age sixty-seven, "so at least until then." Although the court found that "[a] lifetime award of alimony would be appropriate," it acknowledged that the husband no longer will be able to afford alimony once he retires. Based upon this record, we cannot conclude that the court erred in the duration the award. See Kempton, 167 N.H. at 803-04.

Finally, we address the husband's argument that the court unsustainably exercised its discretion by failing to provide that alimony will terminate if the wife cohabits with another person to share living expenses but does not remarry. Although, as the husband argues, "nothing in the alimony statute . . . prevents the trial court from including such a provision in the final decree," neither does it require the court to include such a provision. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in rejecting the husband's request to include such a provision in its order. See Kempton, 167 N.H. at 803-04.

We have considered the husband's remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

4