**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

In Case No. 2016-0607, <u>Brian J. Krol & a. v. Liberty Mutual Insurance Company</u>, the court on August 11, 2017, issued the following order:

The defendant's motion to strike portions of the plaintiffs' brief relating to the parties' participation in mediation is granted. Having considered the non-stricken portions of the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Brian Krol, Dorothy Krol, and their three children, appeal the order of the Superior Court (<u>Schulman</u>, J.) granting summary judgment in favor of the defendant, Liberty Mutual Insurance Company, on their claim for underinsured motorist coverage, based upon their breach of the duty to cooperate in the investigation and settlement of their claims. The plaintiffs argue that the trial court erred because the defendant: (1) suffered no actual prejudice; (2) failed to give prior notice of its intent to rely upon the policy's cooperation clause; (3) waived its rights to deny coverage; and (4) failed to plead noncooperation as an affirmative defense. They also argue that the trial court erred in failing to order the parties to participate in mediation.

The record shows that in 2006, the plaintiffs were injured in a motor vehicle accident with an underinsured driver, who was at fault. In 2009, shortly before settling their claims against the driver, the plaintiffs, through their attorney, notified their insurer, the defendant, of their underinsured motorist claims. The defendant promptly requested the medical records and bills necessary to adjust the claims.

Over the next six years, the plaintiffs failed to provide the necessary documents, despite the defendant's numerous requests. The plaintiffs also neglected to assist in the settlement of their claims. On February 27, 2015, the defendant notified the plaintiffs that they were closing the claims of Brian Krol and Dorothy Krol "[b]ased on the lack of communication." Shortly thereafter, the defendant closed the remaining plaintiffs' claims. The plaintiffs filed their petition for declaratory judgment within six months of the claims' closing.

The policy requires the plaintiffs to cooperate with the defendant in its investigation, settlement, or defense of any claim. The policy also requires the plaintiffs to submit proof of loss and to authorize the defendant to obtain medical reports and other pertinent records. The trial court found that the

plaintiffs, through their attorney, breached the duties set forth in these policy provisions.

The plaintiffs first argue that the trial court erred in entering summary judgment against them because there is a genuine issue of material fact as to whether the defendant suffered actual prejudice as a result of their breach. When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and the inferences properly drawn from them, in the light most favorable to the non-moving party. Sabinson v. Trustees of Dartmouth College, 160 N.H. 452, 455 (2010). If this review does not reveal any genuine issues of material fact, i.e., facts that would affect the outcome of the litigation, and if the moving party is entitled to judgment as a matter of law, we will affirm. Id. We review the trial court's application of the law to the facts de novo. Id.

Insurers are required to investigate and resolve claims promptly. See RSA 417:14, XV(a)(3), (11) (2015); N.H. Admin. Rules, Ins 1001.02. The trial court found that there was no genuine issue of material fact that the defendant suffered actual prejudice, given the plaintiffs' "six year history of obstructing its claims investigation." The court found that the plaintiffs, by failing to provide complete medical records and bills, or authorizations allowing the insurer to obtain the documents on its own, prevented the defendant from fully evaluating and determining its coverage obligations. The court also found that the plaintiffs, "by failing to participate in the adjustment process," prevented the defendant from resolving the claims "and caused it to expend significant time and resources in attempting to do so." The plaintiffs argue that the court's findings fall short of actual prejudice. We disagree. We conclude that the plaintiffs have failed to raise a genuine issue of material fact as to whether the defendant suffered actual prejudice. See, e.g., Pilgrim v. State Farm Fire & Cas. Ins. Co., 89 Wash.App. 712, 725 (1997) (finding actual prejudice from insureds' refusal to disclose relevant documents, preventing insurer from evaluating their claim).

The plaintiffs next argue that the defendant failed to give notice of its intent to rely upon the policy's cooperation clause before moving for summary judgment on such grounds. However, they provide no authority for their position that an insurer may not deny coverage for noncooperation without prior notice. Nor are we aware of any such authority. The plaintiffs also argue that the defendant waived its right to rely on the cooperation clause by correspondence from its adjuster, after closing the claims, promising to review any additional information and to "discuss [it] with our legal department." To establish waiver, the plaintiffs must show that the defendant intended to forgo its coverage defenses. See Bartlett v. Commerce Ins. Co., 167 N.H. 521, 528 (2015). The record shows that the defendant reserved its right to deny coverage. We conclude that the plaintiffs have raised no genuine issue of

2

material fact as to whether the defendant intended to forgo its coverage defenses. See id.

The plaintiffs also argue that the defendant failed to plead noncooperation as an affirmative defense. Assuming, without deciding, that the defendant's coverage defense is an affirmative defense that must be set forth in an answer to a declaratory judgment complaint, the trial court has broad discretion to waive its rules. See Anna H. Cardone Revocable Trust v. Cardone, 160 N.H. 521, 525 (2010). Because the trial court's order does not address this issue, we assume that it found grounds to waive the rule. See Bergeron v. N.Y. Community Bank, 168 N.H. 63, 69 (2015) (we assume trial court made all findings necessary to support its decision). Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion. See Cardone, 160 N.H. at 525.

Finally, the plaintiffs argue that the trial court, rather than granting the defendant's summary judgment motion, should have ordered the parties to participate in mediation. It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). It is the appellants' burden to provide this court with a record sufficient to decide their issues on appeal, as well as to demonstrate that they raised their issues in the trial court. Id. The plaintiffs have failed to demonstrate that they raised this issue in the trial court. Accordingly, this issue is not preserved for review. See id.

We have considered the plaintiffs' remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3