**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0179, <u>In the Matter of Sandra W. Hair and Sandra L. Hair & a.</u>, the court on October 13, 2017, issued the following order:**

The petitioner's motion to expedite this appeal is granted. Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner (grandmother) appeals the order of the Circuit Court (<u>Cyr</u>, Referee, approved by <u>Rappa</u>, J.), following a hearing, denying her request for grandparent visitation. <u>See</u> RSA 461-A:13 (Supp. 2016). She argues that the trial court erred in: (1) denying her petition on the basis that the parents are presumed to be fit parents; (2) failing to consider all the criteria listed in RSA 461-A:13, II, and failing to make sufficient findings to support its decision; and (3) concluding that the weight of the evidence did not support her request for visitation.

"The trial court has wide discretion in matters involving parental rights and responsibilities and we will not overturn its determination except when there has been an unsustainable exercise of discretion." <u>In the Matter of P.B. & T.W.</u>, 167 N.H. 627, 631 (2015). "When we review for an unsustainable exercise of discretion, we are deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." <u>Id</u>. at 631-32. We review the trial court's application of the law to facts <u>de novo</u>. <u>Id</u>. at 632.

The grandmother first argues that the trial court erred in ruling that, because there was no evidence that the parents have been found to be unfit, and because fit parents are presumed to act in their child's best interest, the court cannot find that her visitation request, which the parents oppose, is in the child's best interest.

Although the trial court noted in its order that the parents have not been found to be unfit, we do not construe the trial court's order as "narrowly focused on the fitness of the parents," as the grandmother does. RSA 461-A:13, II requires, in relevant part, that the trial court consider the following criteria in making an order relative to a grandparent's visitation rights:

(a) Whether such visitation would be in the best interest of the child.

(b)  Whether such visitation would interfere with any parent-child relationship or with a parent's authority over the child.

(c)  The nature of the relationship between the grandparent and the minor child, including but not limited to, the frequency of contact, and whether the child has lived with the grandparent and length of time of such residence, and when there is no reasonable cause to believe that the child's physical and emotional health would be endangered by such visitation or lack of it.

(d)  The nature of the relationship between the grandparent and the parent of the minor child, including friction between the grandparent and the parent, and the effect such friction would have on the child.

(e)  The circumstances which resulted in the absence of a nuclear family, whether divorce, death, relinquishment or termination of parental rights, or other cause.

. . . .

(h)  Any such other factors as the court may find appropriate or relevant to the petition for visitation.

We have held that in applying RSA 461-A:13, II, the trial court must "weigh the first two statutory factors more heavily than the remaining listed factors, according due deference to a fit parent's judgment as to the best interests of the child as part of the court's determination of the child's best interests." In the Matter of Rupa & Rupa, 161 N.H. 311, 318 (2010).  We construe the trial court's order as according due deference to the parents' judgment as to the child's best interest, in accordance with our opinion in Rupa.  Unlike the grandmother, we do not construe the court's order to apply an irrebuttable presumption that fit parents act in the best interest of their children.  See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order presents a question of law for this court).

We next address the grandmother's argument that the trial court failed to consider all the criteria listed in RSA 461-A:13, II, and that it failed to make sufficient findings to support its decision.  In its seven-page narrative order, the court recognized that the parents lived with the child in the grandmother's home during the first several years of the child's life.  The parents then moved to a nearby home within view of the grandmother's residence, and the grandmother developed a close relationship with the child during these years.  However, the trial court also found that, during the child's pre-school years, there were occasions when the parents felt that the grandmother was "overstepping" her role and making decisions that the parents should be making.  In addition, the court found that, once the child started school, "[o]n at least one occasion [the grandmother] went to the school without the prior knowledge of the parents and attempted to make educational decisions for [the child]."

The court found that the father would speak with the grandmother "about usurping parental responsibilities," and that "things would be fine for a period," but that after a while, the grandmother would resume her prior behavior. After the parents' divorce, the court found that the grandmother's contact with the child was "minimal at best" and awarded her temporary visitation with the child. However, after such visits, the parents found that the child's "attitude and demeanor appeared to change." The child "would appear to be more aloof and guarded," would not "easily engage with . . . [the] parents," and believed that it was not necessary to "follow the rules of the home." When the parents set restrictions on the visits, the grandmother "attempted to circumvent the restriction by going to the school, having lunch with [the child] and sitting in on [the child's] classes." The court found that "[t]here was a history of the [grandmother] . . . insisting that her position as to certain parenting issues control."

The court noted that the parents were not attempting to curtail all contact between the grandmother and the child and concluded that the grandmother's request for court-ordered visitation was not in the child's best interest. We conclude that the findings in the court's narrative order show that it considered the relevant factors enumerated in RSA 461-A:13, II, and made sufficient findings to support its decision.

Finally, we address the grandmother's argument that the trial court's decision is contrary to the weight of the evidence. Essentially, she argues that her strong and sustained relationship with the child rebutted any presumption that the parents' decision to limit visitation is in the child's best interest. However, "it is not our role to calculate how much weight a trial court should accord specific evidence." In the Matter of Choy & Choy, 154 N.H. 707, 714 (2007). Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). We will not disturb the trial court's findings if they are supported by the evidence. Id. The trial court acknowledged the grandmother's close relationship with the child but found that court-ordered visitation would not be in the child's best interest. We conclude that the trial court's findings are supported by the evidence. See id.

We have considered the grandmother's remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**

3