# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0231, <u>State of New Hampshire v. Donald E. Mercer</u>, the court on February 21, 2019, issued the following order:**

Having considered the opening brief and reply memorandum of law filed by the defendant, Donald E. Mercer, the memorandum of law filed by the State, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Following a bench trial, the Circuit Court (<u>Leary</u>, J.) found the defendant guilty of speeding, specifically traveling 76 miles per hour in a 40-mile-per-hour zone, and of failing to stop at a red light. The defendant appeals, arguing that the evidence was insufficient to support those findings. The defendant was also found guilty of resisting arrest, but has not appealed that guilty finding.

A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is <u>de novo</u>. <u>State v. Boutin</u>, 168 N.H. 623, 627 (2016). In reviewing a sufficiency of the evidence claim, we view the evidence presented at trial, and all reasonable inferences drawn therefrom, in the light most favorable to the State and uphold the trial court's verdict unless no rational trier of fact could have found guilt beyond a reasonable doubt. <u>See</u> <u>id</u>. The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. <u>Id</u>.

To find the defendant guilty of speeding, the trial court had to find that the defendant drove his vehicle "at a speed greater than [was] reasonable and prudent under the conditions." RSA 265:60, I (2017). By statute, any speed in excess of the posted speed limit is <u>prima</u> <u>facie</u> evidence that the speed is neither reasonable nor prudent and that it is unlawful. <u>See</u> RSA 265:60, II, :62 (Supp. 2018).

We first address whether the evidence was sufficient for the trial court to have found, beyond a reasonable doubt, that the defendant was guilty of speeding. The officer who issued the traffic citations to the defendant testified that she observed his vehicle traveling northbound on the Daniel Webster Highway at a high rate of speed through the intersection of that road with Spit Brook Road. The posted speed limit for that portion of the Daniel Webster Highway is 40 miles per hour. When she drove her police cruiser to catch up to the defendant's vehicle, the cruiser's speedometer displayed 76 miles per

hour.  At that rate of speed, the officer observed that the distance between her cruiser and the defendant's vehicle remained the same.  From this observation, she inferred that the defendant was traveling at the same rate of speed as her cruiser (76 miles per hour).  Viewing this evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, we conclude that it was sufficient for a rational trier of fact to find, beyond a reasonable doubt, that the defendant was guilty of speeding, specifically, that he drove 76 miles per hour in a posted 40-mile-per-hour zone.

We next consider whether the evidence was sufficient for the trial court to have found, beyond a reasonable doubt, that the defendant failed to stop at a red light.  The officer testified that when she saw the defendant's vehicle go through the intersection of the Daniel Webster Highway and Spit Brook Road, she was facing southbound on Daniel Webster Highway in the left turn only lane and that the turn signal was green.  She also testified that "if the left turn . . . lane heading southbound has a green arrow, [the] northbound traffic on the Daniel Webster Highway has a red traffic signal."  Viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, we conclude that it was sufficient for a rational trier of fact to find, beyond a reasonable doubt, that the defendant failed to stop at a red light.

We have reviewed the defendant's remaining arguments and conclude that they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2