**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0269, <u>In the Matter of Denise Survilas and Steven Survilas</u>, the court on March 11, 2020, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm in part, vacate in part, and remand.

The petitioner, Denise Survilas (wife), appeals an order of the Circuit Court (<u>DalPra</u>, M., approved by <u>Stephen</u>, J.) ruling on post-final-divorce decree motions concerning child support and alimony obligations of the respondent, Steven Survilas (husband). Following a hearing on offers of proof, the trial court denied the husband's request to modify his child support obligation, finding that he was voluntarily underemployed. On appeal, the wife contends that the trial court erred by: (1) concluding that her claim for an arrearage on the husband's pre-final-decree temporary child support obligation was "stale"; (2) not ruling on her oral motion to renew alimony; and (3) not ruling on the husband's obligation to pay an arrearage on his current child support obligation. We will uphold the court's factual findings and rulings unless they lack evidentiary support or are legally erroneous and review its application of the law to the facts <u>de</u> <u>novo</u>. <u>O'Malley v. Little</u>, 170 N.H. 272, 275 (2017).

We first address whether the trial court erred by finding the wife's claim regarding the husband's alleged temporary child support arrearages "stale." The wife represented to the trial court that she raised this issue during the final divorce hearing in 2015. The final order stated that the Division of Child Support Services (DCSS) would calculate all ordered arrearages. The record does not reflect that the wife appealed the final order.

The wife's contention that each temporary child support payment was a separate judgment, <u>see</u> RSA 461-A:14, VI (Supp. 2019), and, thus, that she had 20 years from the due date of each payment in which to collect it, <u>see</u> RSA 508:5 (2010), misses the mark. The record does not reflect that DCSS ever determined that the husband was in arrears on his temporary child support payments. The wife now argues that DCSS was unable to properly calculate the husband's temporary child support arrearages because he was ordered to pay the mortgage and utilities on the marital home in partial substitution for temporary child support. However, the wife was required to challenge the final order when it was issued. <u>See</u> <u>Fam. Div. R.</u> 1.31. On this record, we conclude that the trial court did not err by finding this claim to be untimely.

We next address whether the trial court erred by not addressing the wife's request to renew alimony. At the motions hearing, the wife requested that the trial court address renewing alimony, to which the court replied, "I'm going to issue a final order." The husband did not object to the wife's request. Both the husband and the wife understood that the hearing included a review of alimony and argued the issue on the merits. However, the trial court's order did not address the renewal of alimony, and the court denied the wife's motion to reconsider this issue without explanation. See RSA 45:19-a, VI(b)(1) (Supp. 2019) (requiring trial court to make findings supporting denial of alimony). On this record, we cannot review the trial court's implicit decision to deny the wife's request. Accordingly, we vacate the trial court's order to the extent that it denied the wife's alimony renewal request and direct the trial court, on remand, to issue findings of fact and rulings of law with respect to the wife's request for renewed alimony. See In the Matter of Cohen & Richards, 172 N.H. 78, 93 (2019).

Finally, we address whether the trial court erred by not addressing the wife's claim for arrearages as to the husband's post-final-decree child support obligation. The wife represented to the trial court that the husband was in arrears $1,190.76. The husband acknowledged that he was in arrears, did not dispute the amount the wife claimed, and represented that he would "be able to pay all that off in full" when he received his retroactive retirement payment from his former employer.

The trial court found the husband to be voluntarily underemployed and denied his motion to reduce his child support obligation. It did not, however, address the arrearage that he acknowledged. Accordingly, we vacate the trial court's order to the extent that it did not address the arrearage and direct the trial court, on remand, to make specific findings and rulings on this issue. See In the Matter of Nassar & Nassar, 156 N.H. 769, 780 (2008).

Any remaining issues raised by the wife in her brief either are not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed in part, vacated in part, and remanded.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2