**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


In Case No. 2021-0418, <u>K.T. v. M.K.</u>, the court on March 22, 2022, issued the following order:

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, K.T., appeals a Circuit Court (<u>Gleason</u>, J.) order denying her request for a further extension of the stalking final protective order entered against the defendant, M.K. <u>See</u> RSA 633:3-a, III-c (2016). We affirm.

The following facts either were found by the trial court or reflect the content of documents in the appellate record. The parties are next-door neighbors who share a driveway with a third property. The common driveway is the only means of access to each respective property.

The parties filed stalking petitions against each other in 2007. The trial court granted the plaintiff a stalking temporary order of protection in November of that year. On January 24, 2008, the trial court entered a stalking final order of protection incorporating the parties' stipulation resolving the matter. Since then, the parties have engaged in approximately four civil suits and three New Hampshire Supreme Court appeals (not including this appeal). The plaintiff obtained a one-year extension of the order of protection in 2009, a five-year extension in 2010, and another five-year extension in 2015.

The instant appeal concerns the plaintiff's 2019 motion for a further extension of the stalking order of protection. The plaintiff alleged that the extension was "necessary to protect [her] and her family from harassment, intimidation, threats and physical confrontation by [the defendant], who, while acting inappropriately, has at least been somewhat restricted by the existence of the Stalking Order." She alleged that, although the defendant's "current conduct stays just shy of violating the [existing] order," if the order were not in place, his "conduct would undeniably increase and worsen" and "there would be nothing to deter [him] from crossing that line." The defendant objected to the plaintiff's motion, asserting that she was not entitled to relief because she had failed to demonstrate "that there is still concern for her safety and well-being," "that she has any present, reasonable fear of [him]," and "that without the protective order, her safety and well-being will be in jeopardy."

In May 2021, after holding an approximately 90-minute evidentiary hearing on the plaintiff's motion, the trial court denied it, ruling that, based

upon its assessment of the parties' credibility, the plaintiff had failed to establish good cause to extend the protective order.[1]  In response to the plaintiff's subsequent unsuccessful motion to reconsider, the court explained: "[T]he Court was able to observe the demeanor, the forthcoming nature, and credibility of each witness.  The Plaintiff . . . offered no credible testimony to support a further extension of the Final Protective Order issued by the Court." This appeal followed.

On appeal, the plaintiff first argues that the trial court denied her due process by allowing her attorney only 45 minutes of the approximately 90-minute hearing to make her case, instead of allowing her one-half of a full-day hearing as she had expected given the court's July 2020 order.  Because the plaintiff does not cite the State Constitution, we limit our analysis to the Federal Constitution.  See State v. Dellorfano, 128 N.H. 628, 632-33 (1986).

Procedural due process requires that parties whose rights are affected have "the opportunity to be heard at a meaningful time and in a meaningful manner."  Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (quotation omitted). Thus, "[l]itigants enjoy a due process right to fully and fairly litigate each issue in their case."  Graham v. R.J. Reynolds Tobacco Co., 857 F.3d 1169, 1217 (11th Cir. 2017) (quotation omitted).  "The ultimate standard for judging a due process claim is the notion of fundamental fairness."  State v. Veale, 158 N.H. 632, 637 (2009) (quotation omitted).

The record on appeal demonstrates that on April 26, 2021, approximately two weeks before the scheduled May 11 hearing, the parties and their attorneys were notified of the time, date, location, and duration of the hearing.  The notice also gave the parties and their attorneys information about how to request that the hearing be continued and of the consequences for failing to appear at the hearing.

As noticed, the court held an in-person hearing of approximately 90 minutes on the plaintiff's motion, attended by the parties and their counsel. The plaintiff's attorney presented evidence at the hearing on the plaintiff's behalf, including the plaintiff's testimony, exhibits, and offers of proof.  The plaintiff's attorney also presented argument on the plaintiff's behalf and cross-examined the defendant's two witnesses.  These procedures afforded the plaintiff an "opportunity to be heard at a meaningful time and in a meaningful manner."  Mathews, 424 U.S. at 333 (quotation omitted).  We conclude, therefore, that her federal constitutional right to due process was not violated.

---

[1] In July 2020, the court issued an order asking the clerk of court to "specially assign, as the docket permits, a full day for an in-person hearing on Plaintiff's Motion to Renew Stalking Order." On April 26, 2021, the court notified the parties that the in-person hearing would take place on May 11 and would last 90 minutes.

The plaintiff next asserts that the trial court unsustainably exercised its discretion and/or committed reversible error in failing to grant her motion to extend the protective order in light of "the totality of the [defendant's] multiple acts of harassment." She asserts that "in the five years preceding the renewal request, [the defendant] was relentless as ever in his efforts to engage with [the plaintiff] despite the stalking order that prevented contact."

RSA 633:3-a, III-c allows a trial court to extend a final stalking order of protection initially for one year and, thereafter, for up to five years upon a showing of good cause. See RSA 633:3-a, III-c. To determine whether good cause exists to extend a protective order, the trial court must assess whether the current conditions are such that there still exists a concern for the safety and well-being of the plaintiff, after reviewing the circumstances of the original stalking, any violation of the protective order, and any present and reasonable fear of the plaintiff. MacPherson v. Weiner, 158 N.H. 6, 10 (2008). The trial court is in the best position to view the current circumstances, as well as the defendant's prior acts, and determine whether an extension is necessary for the safety and well-being of the plaintiff. Id. at 11.

We interpret the plaintiff's argument to be that the evidence was insufficient to support the trial court's decision. We review such claims as a matter of law and uphold the findings and rulings of the trial court unless they lack evidentiary support or are tainted by error of law. Id. at 10. We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. Id.

The plaintiff argues that, in addition to "forc[ing] contact with her through court appearances" as a result of his lawsuits against her and his New Hampshire Supreme Court appeals, the defendant has "continued to use his trees as a means to harass her" by failing to trim them as required by a prior court order. She also contends that a DigSafe employee and a tree trimmer both "entered onto [her] property to perform work for [the defendant] without any notice to [the plaintiff] and without [her] permission." The plaintiff observes that she testified that, if the stalking order were not in place, she is afraid that the defendant would physically harm her. She also observes that she testified that she has felt afraid in the five years preceding her motion because the defendant has trimmed his trees and "do[ne] his weed whacking" within five feet of her property boundary and because she once saw him using a flashlight "behind [her] fence from his property" at 10:00 p.m.

The defendant counters that "to the extent [he] utilized the judicial system to resolve disputes with [the plaintiff], doing so was constitutionally protected activity," and, therefore, does not constitute a "course of conduct" within the meaning of the stalking statute. See RSA 633:3-a, II(a) (2016). Assuming without deciding that such litigation could constitute stalking, we

conclude that the trial court reasonably decided that it did not constitute "good cause" to extend the protective order in this case.  See MacPherson, 158 N.H. at 10-11.

With regard to the other incidents about which the plaintiff submitted evidence, the defendant correctly observes that his evidence conflicted with the plaintiff's evidence.  Any conflicts in the evidence were for the trial court to resolve.  See id. at 10.  As the fact finder, the trial court was not required to believe even uncontroverted evidence.  In the Matter of Henry & Henry, 163 N.H. 175, 181 (2012).  Accordingly, the plaintiff has failed to demonstrate that the trial court unsustainably exercised its discretion and/or committed reversible error when it declined to extend the protective order.  We have reviewed the plaintiff's remaining appellate argument, and conclude that it lacks merit and warrants no further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.


MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**