# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0386, <u>J.W. v. J.A.</u>, the court on February 16, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant appeals an order of the Circuit Court (<u>Rauseo</u>, J.), following a hearing, granting a domestic violence final order of protection in favor of the plaintiff. <u>See</u> RSA 173-B:5 (2022). The defendant argues that the evidence was insufficient to support the court's order. We affirm.

"In an appeal from an order on a domestic violence petition, the trial court's 'findings of facts shall be final,' and we undertake <u>de</u> <u>novo</u> review of 'questions of law.'" <u>S.C. v. G.C.</u>, 175 N.H. 158, 162 (2022) (quoting RSA 173-B:3, VI). "We review sufficiency of the evidence claims as a matter of law, upholding the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law." <u>Id</u>. "When performing this review, we accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony." <u>Id</u>. at 162-63. We view the evidence in the light most favorable to the prevailing party — here, the plaintiff. <u>See</u> <u>id</u>. at 163.

To be entitled to a domestic violence final order of protection, the plaintiff must establish, by a preponderance of evidence, that the defendant engaged in "abuse." RSA 173-B:5, I. "Abuse" means the commission or attempted commission of one or more enumerated crimes by a family or household member or a current or former sexual or intimate partner when such conduct "constitute[s] a credible present threat" to the plaintiff's safety. RSA 173-B:1, I (2022); <u>see also</u> <u>S.C.</u>, 175 N.H. at 163. The trial court "may consider evidence of such acts, regardless of their proximity in time to the filing of the petition, which, in combination with recent conduct, reflects an ongoing pattern of behavior which reasonably causes or has caused the [plaintiff] to fear for his or her safety or well-being." RSA 173-B:1, I; <u>see also</u> <u>S.C.</u>, 175 N.H. at 163.

In this case, the trial court found that the defendant "physically assaulted [the plaintiff] in 2018," and that the defendant was "[r]ecently engaging in obsessive behavior and making contact with [the plaintiff] and [the plaintiff's] friends with [the] intention of communicating [with] [the plaintiff]." The trial court further found that the defendant's conduct constituted a credible present threat to the plaintiff's safety because of the defendant's "obsessive behavior," observing that "[d]espite being asked not to contact plaintiff's friend . . . , [the

defendant] sen[t] numerous rambling[,] incoherent [and] emotional message[s] about [the plaintiff] with intent to pass on to [the plaintiff] reasonably causing fear to [the plaintiff] [and] [the plaintiff's friend]." Lastly, the court noted that its findings "are also based on the demeanor of the parties [and] [the plaintiff's friend] during the hearing."

On appeal, the defendant argues that the evidence was insufficient to support the trial court's findings. Primarily, the defendant contends that the 2018 altercation was "too distant in time and non-specific" to constitute the threshold act of misconduct required by RSA 173-B:1, I. Further, the defendant argues that the plaintiff's testimony regarding the altercation — which described a fight in which the defendant pulled the plaintiff's shirt over the plaintiff's head and held the plaintiff to the ground — did not align with the allegations in the petition — which described an altercation in which the defendant bit the plaintiff, leaving a scar. The defendant contends that, based on the plaintiff's testimony, "it is not even clear that [the plaintiff] was speaking of the same alleged incident." We disagree.

First, contrary to the defendant's argument, in determining whether the defendant committed the requisite threshold act of misconduct, the trial court may consider evidence of such acts "regardless of their proximity in time to the filing of the petition." RSA 173-B:1, I. Second, the plaintiff's testimony regarding the altercation was sufficient to support the trial court's finding of assault, see RSA 173-B:1, I(a) (providing that "[a]ssault or reckless conduct as defined in RSA 631:1 through RSA 631:3" may constitute the requisite threshold misconduct to support the issuance of a protective order), and, despite the lack of testimony regarding a bite or scar, was also sufficient to support the trial court's implied finding that the altercation was the same as that alleged in the plaintiff's petition. Indeed, this finding is further supported by the fact that the plaintiff's testimony describing the altercation was in response to the trial court's specific questions to the plaintiff to elaborate on the 2018 incident alleged in the petition.

Although the defendant also argues that the evidence was insufficient to support the trial court's finding that the defendant's conduct posed a credible present threat to the plaintiff's safety, we disagree. The mere fact that a domestic violence victim continues to have contact with an abuser after an act of abuse does not establish, as a matter of law, the absence of a credible present threat to the plaintiff's safety. See S.C., 175 N.H. at 163-65. Based upon our review of the record, the evidence supports the trial court's finding that the defendant's recent post-breakup "obsessive behavior," of repeatedly calling and messaging the plaintiff and plaintiff's friends, despite being asked not to, and leaving "rambling[,] incoherent [and] emotional message[s] about [the plaintiff] with intent to pass on to [the plaintiff]," when considered in tandem with the 2018 altercation — which also occurred within the context of a prior break in the parties' relationship — reasonably caused fear and constituted a credible present threat to the plaintiff's safety. See id. at 162-63 & n.2 (observing that we view the

2

evidence in the light most favorable to the prevailing party, and that we are highly deferential to the trial court's factual findings); RSA 173-B:1, I (providing that, in determining whether abuse has occurred, the trial court may consider evidence of acts which, when considered in combination with recent conduct, reflects an ongoing pattern of behavior reasonably causing plaintiff to fear for his or her safety or well-being).

The defendant's remaining arguments are either not preserved, see State v. Blackmer, 149 N.H. 47, 48 (2003), inadequately developed, see id. at 49, or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**