# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0450, <u>James Boyle as Trustee of the 150 Greenleaf Avenue Realty Trust v. City of Portsmouth</u>, the court on March 20, 2023, issued the following order:**

The motion filed by the plaintiff, James Boyle, as Trustee of the 150 Greenleaf Avenue Realty Trust, to strike or disregard certain portions of the brief filed by the defendant, the City of Portsmouth, is denied. The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff appeals an order of the Superior Court (<u>Honigberg</u>, J.) upholding a decision of the city's planning board to issue a wetland Conditional Use Permit (CUP) that would allow the city to build a wastewater pump station in the undeveloped portion of a right-of-way. We affirm.

Judicial review of planning board decisions is limited. <u>Trustees of Dartmouth Coll. v. Town of Hanover</u>, 171 N.H. 497, 504 (2018). The superior court must treat all factual findings of the planning board as <u>prima</u> <u>facie</u> lawful and reasonable, and cannot set aside its decision absent unreasonableness or an identified error of law. <u>Id</u>.; <u>see</u> RSA 677:15 (2016). The appealing party bears the burden of persuading the trial court that, by the balance of probabilities, the board's decision was unreasonable. <u>Trustees of Dartmouth Coll.</u>, 171 N.H. at 504. The trial court does not determine whether it agrees with the planning board's findings, but whether there is evidence upon which the findings could have been reasonably based. <u>Id</u>.

Our review is similarly limited. We will reverse a trial court's decision on appeal only if it is not supported by the evidence or is legally erroneous. <u>Id</u>. We review the trial court's decision to determine whether a reasonable person could have reached the same decision as the trial court based upon the evidence before it. <u>Id</u>.

On appeal, the plaintiff first argues that the trial court erred by upholding the board's decision because the board granted the CUP without considering whether alternative, feasible routes exist for the sewer line, which do not cross or alter a wetland or have a less detrimental impact on a wetland. Specifically, he asserts that the board should have considered the existing gravity-fed sewer line as an alternative, feasible route when evaluating the merits of the city's application.

Contrary to the plaintiff's assertions, the board did discuss the existing sewer line as a feasible alternative, albeit briefly. Moreover, as the city correctly observes, the evidence before the board as to whether the existing gravity-fed sewer line constituted an alternative, feasible route was conflicting.

Because there is evidence in the record to support the board's implicit finding that no alternative, feasible routes existed, the trial court did not err by upholding that finding.

The plaintiff next asserts that the trial court erroneously relied upon its "prior knowledge of the history of the parties" to supplement the factual record. We do not share the plaintiff's interpretation of the trial court's order. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (stating that interpretation of a trial court order presents a question of law, which we review de novo). Rather, we agree with the city that the trial court merely, and properly, noted our prior decisions in the ongoing litigation between the parties and did not supplement the factual record.

The plaintiff next contends that the trial court erred by denying his motion to supplement the record. "Evidence beyond the certified record may be introduced in superior court and may be taken into consideration even though it was not before the board." Rochester City Council v. Rochester Zoning Bd. of Adjustment, 171 N.H. 271, 279 (2018) (quotation omitted); see RSA 677:10 (2016). "Such additional evidence is intended to assist the court in evaluating the action of the board where the record is incomplete." Id. (quotation omitted). "It is within the trial court's discretion to determine whether additional evidence will be taken." Id. (quotation omitted). "Because the trial court is in the best position to determine the sufficiency of the record, we will not reverse its ruling on the admissibility of additional evidence, absent an unsustainable exercise of discretion." Id. (quotation omitted).

The additional evidence the plaintiff sought to introduce was testimony by the city's engineer to support the city's efforts to take 4.6 acres of the plaintiff's property, which encompassed the gravity-fed sewer line and associated wetlands. See City of Portsmouth v. 150 Greenleaf Realty Trust, 172 N.H. 796-97 (2020). The court ruled that this prior testimony had "little relevance or probative value" and would not assist the trial court in evaluating the board decision at issue given that the eminent domain effort had failed and that the engineer did not testify in the board proceedings. See id. at 798-99. We conclude that the trial court did not unsustainably exercise its discretion by so ruling. We have reviewed the plaintiff's remaining arguments and conclude that they warrant no extended discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2