Hillsborough
Nos. 90-085
    91-593

VIRGINIA A. VOGEL

v.

EDWARD P. VOGEL

June 30, 1993

*Bamberger Law Offices,* of Concord, for the plaintiff, filed no brief.

*Jeffrey R. Howard,* attorney general (*Ann F. Larney,* assistant attorney general, on the brief and orally), for the State.

*Edward P. Vogel,* by brief and orally, *pro se.*

### MEMORANDUM OPINION

BATCHELDER, J.   In these consolidated appeals, the defendant, Edward P. Vogel, challenges a provision of the November 6, 1989, divorce decree issued by the Superior Court (*Dalianis,* J.) requiring the parties to remain within a fifty-mile radius of Concord unless a move outside this radius is approved by the other party or the court, and a later finding by the Superior Court (*Murphy,* J.) that defendant was in contempt for failing to comply with court orders relative to child support. We affirm.

We note in passing that, with respect to support enforcement issues, the plaintiff was represented in the trial court by attorneys from the New Hampshire Division of Human Services Office of Child Support Enforcement Services, and in this court by attorneys from the Office of the Attorney General. Pursuant to applicable federal regulations, the State provides support enforcement services to all individuals who apply, regardless of their financial status. *See* 45 C.F.R. §§ 302.33, 303.6 (1992). The State has informed the court that there are currently over 21,000 recipients of free child support enforcement services who do not receive any type of public assistance.

Undoubtedly, many others are eligible for such services, but are simply unaware of their existence and availability.

■   Turning to the issues presented in this appeal, we begin with the defendant's argument that the restraint upon his right to move beyond fifty miles from Concord violates due process under the Federal and State Constitutions. The trial court's order, however, adopts a proposal made by the defendant himself. The defendant's proposed decree contains the following provision:

> "As it is important that the children remain available to both parents, the parties agree to remain within a 50 mile radius of Concord, N.H. unless a move beyond is approved by the other party or the court."

The trial court's order does no more than impose the very provision that the defendant proposed. Under these circumstances, we see no grounds for *the defendant* to complain on appeal about the imposition of a condition that he himself proposed.

The defendant raises several arguments with respect to the trial court's order holding him in contempt. After review of the briefs and oral arguments of the parties and the record on appeal, the court concludes that these arguments are, under the circumstances of this case, without merit, and do not warrant further discussion. Accordingly, the trial court's orders on appeal are affirmed. In light of our decision, the motions for partial remand pending before this court are moot.

*Affirmed.*

All concurred.