Rockingham
No. 99-140

IN THE MATTER OF ANDREW M. HUNT AND
BEATRICE M. HUNT

February 21, 2001

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*R. David DePuy* and *Jeremy T. Walker* on the brief, and *Mr. Walker* orally), for the plaintiff.

*Gordon R. Blakeney, Jr.*, of Concord, by brief and orally, for the defendant.

NADEAU, J. The defendant, Beatrice M. Hunt, appeals the January 8, 1999 decree of the Superior Court (*Galway*, J.) approving the recommendation of a Marital Master (*Pamela D. Kelly*, Esq.) granting the motion of the plaintiff, Andrew M. Hunt, to dismiss her petition to modify legal custody. We affirm.

The following facts are contained in the record or are uncontested. On October 21, 1997, the trial court issued a final divorce decree granting the plaintiff sole legal and physical custody of the parties' minor child. The defendant appealed, and on July 8, 1998, we summarily affirmed the divorce decree. *See Andrew M. Hunt v. Beatrice M. Hunt*, No. 97-915 (N.H. July 8, 1998). The defendant unsuccessfully moved for reconsideration, and one month later filed a petition to modify the trial court's legal custody order.

In her petition to modify, the defendant argued that the grant of sole legal custody to the plaintiff must be vacated because joint legal custody is in the best interests of the child, and because the presiding marital master should have been disqualified from prior proceedings due to bias. Contemporaneous with the filing of her petition to modify, the defendant moved to disqualify the marital master. After the trial court denied the defendant's motion to disqualify the marital master, it granted the plaintiff's motion to dismiss defendant's petition.

On appeal, the defendant argues that the trial court's requirement that she allege a change in circumstances to survive the plaintiff's motion to dismiss is contrary to our holding in *Sanborn v. Sanborn*, 123 N.H. 740 (1983). The defendant contends that to survive a motion to dismiss, she need only allege that modification of legal custody would be in the best interests of the child. We disagree.

■ ■ As the trial court noted, the defendant confuses her burden of proof with her burden of going forward. The defendant is correct that to ultimately prevail in a modification of legal custody action, the moving party must demonstrate that a change in legal custody would be in the best interests of the child. *See id.* at 746. It is then in the trial court's discretion to modify legal custody. *See id.* We hold, however, that to survive a motion to dismiss, the moving party must allege a material change in circumstance since the issuance of

the legal custody order. *See generally* 3 A. RUTKIN, FAMILY LAW AND PRACTICE § 32.10[1] (2000). To permit a party to continually attack a legal custody order without any change in circumstances would be contrary to the best interests of any child.

We have considered the defendant's remaining arguments and find them to be without merit and warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.