Original
No. 99-135

## PETITION OF MARLENE F. BAILEY

### (New Hampshire Retirement System)

March 26, 2001

*Moquin & Daley, P.A.*, of Manchester (*Joni N. Esperian* on the brief and orally), for the petitioner.

*Philip T. McLaughlin*, attorney general (*Philip B. Bradley*, attorney, on the brief and orally), for the New Hampshire Retirement System.

DALIANIS, J. The petitioner, Marlene F. Bailey, challenges the ruling of the Board of Trustees (board) of the New Hampshire Retirement System (NHRS) denying her accidental disability retirement benefits. We affirm.

In January 1995, the petitioner, a nurse at New Hampshire Hospital, suffered an injury that aggravated a pre-existing condition. The New Hampshire Department of Labor (DOL) found the injury work-related and awarded her temporary total disability benefits.

The petitioner also applied to the NHRS for accidental retirement benefits. In December 1996, the board denied the benefits, referencing the hearing officer's finding that the petitioner had failed to establish "a causal relationship between her disability and her employment." The petitioner requested a rehearing before the board, arguing that because of the DOL's decision, the board was estopped from relitigating the issue of causation.

In September 1997, the board notified the parties that it "accepted the principle of statutory estoppel and considered itself bound by the finding of compensability at the Labor Department relative to a causal relationship between [the petitioner's] employment . . . and her incapacity to continue to work [at the hospital]." The board stated that nonetheless, it "was not persuaded, on the basis of some of the medical evidence, that [the petitioner] remains totally and permanently incapacitated because of [her work-related injury]." The board formally reiterated its denial of benefits in October 1998. In its decision denying the petitioner's request for rehearing, the board explained that it denied benefits because it found that her work-related injury (the aggravation of her pre-existing condition) was not the cause of her total and permanent incapacity.

"Our standard of review is whether the board acted illegally with respect to jurisdiction, authority or observance of the law, whereby it arrived at a conclusion which cannot legally or reasonably be made, or abused its discretion or acted arbitrarily, unreasonably, or capriciously." *Petition of Barney*, 142 N.H. 798, 801 (1998) (quotation and brackets omitted).

The petitioner first argues that the board exceeded its statutory authority by requiring her to prove that her total and permanent disability was due to the work-related injury.

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Id.* (quotation omitted). "When construing the meaning of statutes, we first look to the plain and ordinary meaning of the words used." *Id.* (quotation omitted).

■ RSA 100-A:6, I(c) authorizes the board to provide accidental disability retirement benefits to any retirement plan member who is "totally and permanently incapacitated from duty as the natural and proximate result of" a work-related accident, trauma or occupational disease "found to be compensable by the commissioner of labor." RSA 100-A:6, I(c) (1990) (amended 1995, 1999). The plain language of RSA 100-A:6, I, requires that the member's total and permanent incapacity be caused by the work-related injury. The board's decision was thus lawful.

■ The petitioner next argues that the board was collaterally estopped from determining the cause of her total and permanent disability. This argument is without merit. *See Day v. N.H. Retirement System*, 138 N.H. 120, 126 (1993). Collateral estoppel does not apply. The NHRS was not a party to the DOL proceedings and is not in privity with New Hampshire Hospital. *See id.* Moreover, the DOL's findings were limited to the cause of the petitioner's temporary total disability. It made no findings as to the cause of her permanent disability.

■ Finally, the petitioner asserts that the board was statutorily estopped from making this determination. This argument is also unavailing. Even if we assume, *arguendo*, that RSA 100-A:6, I(c) foreclosed the board from relitigating the issue of whether the petitioner's injury was work-related, it could not possibly foreclose the board from litigating the issue of whether her total and permanent disability was caused by the work-related injury because the DOL made no such finding.

We have considered the petitioner's remaining arguments and find them to be without merit, warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

BRODERICK and NADEAU, JJ., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.