# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0235, <u>Dan Vallerand v. Cheryl Martin & a.</u>, the court on February 15, 2023, issued the following order:**

The court has reviewed the written arguments and the limited record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendants, Cheryl Martin and Stephen Martin (Tenants), appeal an order of the Circuit Court (<u>Burns</u>, J.) granting judgment to the plaintiff, Dan Vallerand (Landlord), on his possessory action based upon nonpayment of rent. We affirm.

We will uphold the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 66 (2012). The trial court was in the best position to evaluate the evidence, measure its persuasiveness, and assess the credibility of the witnesses, and we defer to its judgment on such issues. <u>Id</u>. at 66-67. As the fact finder, the trial court was entitled to accept or reject, in whole or in part, the testimony of any witness or party, and was not required to believe even uncontroverted evidence. <u>Id</u>. at 67. We review questions of law <u>de novo</u>. <u>Miller v. Slania Enters.</u>, 150 N.H. 655, 659 (2004).

On appeal, Tenants first argue that the trial court erred by ruling that they had failed to establish a retaliation defense. <u>See</u> RSA 540:13-a (2021). RSA 540:13-a provides, in pertinent part, as follows:

> <u>Except in cases in which the tenant owes the landlord the equivalent of one week's rent or more</u>, it shall be a defense to any possessory action, as to residential property, that such possessory action was in retaliation for the tenant:
>
> I. Reporting a violation or reporting in good faith what the tenant reasonably believes to be a violation of RSA 540-A or an unreasonable and substantial violation of a regulation or housing code to the landlord . . . ; [or]
>
> II. Initiating an action in good faith pursuant to RSA 540-A or availing himself of the procedures of RSA 540:13-d.

RSA 540:13-a, I-II (emphasis added). Here, the trial court found, and the record supports its finding, that Tenants owed Landlord "the equivalent of one

week's rent or more." Id. Accordingly, as the trial court correctly ruled, the defense of retaliation was not available to Tenants.

Tenants next assert that the trial court erred by ruling that they failed to establish a defense under RSA 540:13-d. See RSA 540:13-d (2021). Under RSA 540:13-d, I:

> No action for possession based on nonpayment of rent shall be maintained in regard to any premises leased or rented for residential purposes, other than for vacation or recreation, if such premises are in substantial violation of the standards of fitness for health and safety set forth in RSA 48-A or in local codes, ordinances or bylaws established pursuant thereto, and such violation materially affects the habitability of said premises, provided that:
>
> (a) The tenant proves by clear and convincing evidence that, while not in arrears in rent, he provided notice of the violation to the person to whom he customarily pays rent; and
>
> (b) The landlord failed to correct the violations within 14 days of the receipt of such written notice or, in an emergency, as promptly as conditions require; and
>
> (c) The violations were not caused by the tenant, a member of the tenant's family or other person on the premises with the tenant's consent; and
>
> (d) Necessary repairs have not been prevented due to extreme weather conditions or due to the failure of the tenant to allow the landlord reasonable access to the premises.

RSA 540:13-d, I. The trial court found that Landlord "attempted to repair heat repeatedly, and Tenant acknowledged that Heat functioned, but that it had to be run frequently in order to maintain heat in the house." We interpret this finding as a determination by the trial court that Tenants failed to prove that Landlord did not "correct the violations within 14 days of the receipt of [their] written notice or, in an emergency, as promptly as conditions require." RSA 540:13-d, I(b); see In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (explaining that the interpretation of a trial court order is a question of law, which we review de novo).

The record submitted on appeal establishes that the leased premises is a cottage that may not be properly insulated. Cheryl Martin testified that the

cottage is heated by "mini splits." She acknowledged that the cottage "does heat up" and agreed with the trial court that it would be "very difficult" for the cottage to stay warm.

Cheryl Martin testified that, on January 11, 2022, after paying January rent, she told Landlord that there was a problem with the heat. She testified that, on January 14, three days later, Landlord attempted to remedy the problem by installing a second mini split in the living room so that the cottage now had three mini splits, two in the living room and one in the bedroom. She testified that on January 14, the heat worked. She testified that she told Landlord that day, after he had been at the premises all day to fix the heat, that the heat was now "fine."

The record establishes that the first written notice that Tenants provided to Landlord about the heat issues was on January 16, 2022. On January 16, Cheryl Martin texted Landlord that the heat was still problematic. She testified that Landlord worked on the heat in the cottage "two days later," January 18. Landlord confirmed that he worked on the heat to the cottage on January 18. Landlord further testified that when he left the cottage on January 18, the heat was adequate. Landlord testified that he "never heard another word about the heat" after fixing it on January 18. The record establishes that Tenants next notified Landlord in writing about heat being an issue on March 7, after Landlord had initiated these proceedings by serving Tenants with an eviction notice for nonpayment of rent.

Based upon this record, the trial court reasonably determined that Tenants had not proved that Landlord did not "correct the violations within 14 days of the receipt of [their] written notice or, in an emergency, as promptly as conditions require." RSA 540:13-d, I(b). Because there is support in the record for the trial court's determination, we uphold it. See Malborn Realty Trust, 164 N.H. at 66.

Tenants next contend that the trial court erred by not granting a discretionary stay pursuant to RSA 540:13-c. See RSA 540:13-c (2021). As a practical matter, Tenants' eviction has been stayed since April 2022, when they filed the instant appeal. Moreover, we observe that nothing in the record demonstrates that the tenants requested that the trial court grant a discretionary stay. Under these circumstances, we conclude that Tenants' arguments regarding a discretionary stay under RSA 540:13-c warrant no extended consideration. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Tenants next contend that they are entitled to damages because Landlord mishandled their security deposit. Such a claim must be brought under RSA chapter 540-A. The instant appeal, however, is of the trial court's

3

decision on Landlord's action for possession of the premises brought under RSA chapter 540. Accordingly, we conclude that this argument is not properly before us.

For all of the above reasons, we affirm the trial court's decision.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**