# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0317, <u>Appeal of Charles Welch</u>, the court on March 1, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The claimant, Charles Welch, appeals a decision of the New Hampshire Compensation Appeals Board (Board) denying his claim for indemnity benefits based on an alleged aggravation of his March 2015 bilateral cubital tunnel injuries as of February 2019. We affirm.

We will overturn the Board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the decision is unjust or unreasonable. <u>Appeal of Dean Foods</u>, 158 N.H. 467, 471 (2009). The Board's factual findings are <u>prima</u> <u>facie</u> lawful and reasonable. <u>Id</u>.; <u>see</u> RSA 541:13 (2021). In reviewing the Board's findings, our task is not to determine whether we would have found differently than it found, or to reweigh the evidence, but rather to determine whether the findings are supported by competent evidence in the record. <u>Appeal of Dean Foods</u>, 158 N.H. at 474. As the appealing party, the claimant bears the burden of proof. <u>Id</u>. at 471.

In a workers' compensation case, the claimant must prove both legal and medical causation by a preponderance of the evidence. <u>Appeal of Newcomb</u>, 141 N.H. 664, 666 (1997). Proof of legal causation requires demonstrating that the injury is work-connected. <u>Id</u>. at 667. To prove medical causation, the claimant must show that the work-related activities either caused or contributed to his disability as a matter of medical fact. <u>Appeal of Briggs</u>, 138 N.H. 623, 629 (1994).

The Board found that the claimant failed to prove both legal and medical causation. The Board based its finding that the claimant failed to prove legal causation upon its credibility determinations. With respect to legal causation, as the claimant acknowledges in his brief, his claim for indemnity benefits "is based significantly" upon his allegation that he had "to engage in significant extra work during the nine month period prior to leaving work in February 2019." The claimant testified that when his supervisor, Brady Serafin, left his position in 2018, the claimant's "workload went through the roof"; he was working "twice the amount of hours [he] had been working before" and "doing a lot more typing." According to the claimant, he assumed Serafin's responsibilities, which were added to his regular responsibilities. The claimant

asserted that the "extra work . . . significantly exacerbated his pre-existing ulnar nerve injuries and disabled him."

The Board, however, did not find the claimant credible on the issue of whether he, in fact, engaged in "significant extra work" in the nine months before February 2019. Rather, the Board found Rhonda Chasse, the person who replaced Serafin as the claimant's supervisor, to be credible. Chasse disagreed that the claimant took over Serafin's position or assumed most of his responsibilities when Serafin left. She testified that, before she was hired, "[d]uties within the facility were delegated amongst . . . a lot of people," and that the claimant "was not assigned as interim director." According to Chasse, when she worked with the claimant, "[t]here w[ere] no signs or him expressing at any point that he had any limitations." Based upon her observations of him, Chasse testified that the claimant was both physically and intellectually capable of doing his job.

The claimant urges us to overturn the Board's credibility determinations. We decline his invitation to do so in this case. "[T]he weighing of the testimony and the assessment of its credibility are solely within the province of the board." Appeal of N.H. Dep't of Health and Human Servs., 145 N.H. 211, 215 (2000) (quotation and brackets omitted).

Having upheld the Board's credibility determinations upon which its legal causation ruling was based, we necessarily also uphold the Board's finding that the claimant failed to prove legal causation by a preponderance of the evidence. Given our decision to uphold the Board's finding on legal causation, we need not address the issue of medical causation. See Appeal of Newcomb, 141 N.H. at 666 (explaining that the claimant must prove both legal and medical causation). We have reviewed the claimant's remaining arguments and conclude that they warrant no extended consideration. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2