# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0423, <u>Austin Young & a. v. Imperial Auto Body</u>, the court on March 17, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Imperial Auto Body, appeals an order of the Circuit Court (<u>Yazinski</u>, J.) awarding judgment in the amount of $7,645, plus costs and interest, to the plaintiffs, Austin Young and Meg Stern, on their small claim complaint seeking damages for the defendant's improper installation of a particular auto part. We affirm.

The trial court found the following facts. Young brought the plaintiffs' 2012 Volkswagen to the defendant to install an after-market timing chain tensioner, which Young himself had purchased. When Young went to retrieve the vehicle, it stopped in the defendant's parking lot and would not restart. Ultimately, Young had to replace the vehicle's motor because the defendant had improperly installed the tensioner, causing the timing chain to jump and damage the motor.

We will uphold the trial court's findings and rulings unless they lack evidentiary support or are legally erroneous. <u>Short v. LaPlante</u>, 174 N.H. 384, 387 (2021). Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>.

The defendant first argues that the trial court erred in awarding judgment to the plaintiffs because they failed to provide documentary evidence "as to the cost of the engine replacement." The defendant cites no authority for the proposition that documentary evidence was required. Nor are we aware of such a requirement. Under these circumstances, we conclude that the defendant's argument warrants no further consideration. <u>See</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

The defendant next asserts that the trial court erred in awarding damages to the plaintiffs because, even assuming that they proved the cost to replace the engine, they failed to prove that they incurred that cost. However, Young testified that replacing the engine cost "7,645 dollars after labor," and that the vehicle was "[r]unning perfectly fine ever since [the] . . . motor got replaced." From this testimony, we conclude that the trial court reasonably inferred that Young spent $7,645 to have the engine replaced.

The defendant next contends that the trial court "erred by accepting a written report from an expert without the expert being available for cross-examination." (Bolding omitted.) At the hearing, Young testified that, after the car stopped in the defendant's parking lot, Young had it towed to a car dealership in Lebanon. Young submitted a "write out" from the service manager of the dealership describing what the manager found upon inspecting the vehicle. Through no fault of the defendant, that document is not part of the record on appeal. Nonetheless, even if the document constituted an "expert report," we observe that the rules of evidence do not apply to small claim actions. See RSA 503:7 (2010). Rather, RSA chapter 503 establishes a "simple, speedy, and informal procedure" for the determination of small claims. RSA 503:2 (2010). Accordingly, we conclude that the trial court did not err by accepting the "write out" into evidence without its author being available for cross-examination.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**