**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0549, <u>A.M. v. T.H.</u>, the court on March 28, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, T.H., appeals a domestic violence final order of protection, <u>see</u> RSA 173-B:5, I (2022), issued by the Circuit Court (<u>Mace</u>, J.), following a hearing on the merits, in favor of the plaintiff, A.M. We construe the defendant's brief to be challenging the trial court's finding that he engaged in "abuse." <u>See</u> RSA 173-B:1, I (2022). We affirm.

To obtain relief under RSA chapter 173-B, a plaintiff is required to prove, by a preponderance of the evidence, that the defendant engaged in "abuse." <u>S.C. v. G.C.</u>, 175 N.H. 158, 163 (2022). A finding of "abuse" requires proof that the defendant, who is a family or household member or a current or former sexual or intimate partner of the plaintiff, committed or attempted to commit one or more statutorily enumerated crimes constituting "a credible present threat to the [plaintiff's] safety." RSA 173-B:1, I; <u>see</u> <u>S.C.</u>, 175 N.H. at 163.

On appeal, the trial court's findings of fact are final, and we engage in <u>de novo</u> review of questions of law raised by the appealing party. RSA 173-B:3, VI (2022); <u>S.C.</u>, 175 N.H. at 162. We review sufficiency of the evidence claims as a matter of law and will uphold the trial court's findings and rulings unless they lack evidentiary support or are tainted by error of law. <u>S.C.</u>, 175 N.H. at 162. We view the evidence in the light most favorable to the prevailing party, here, the plaintiff, deferring to the trial court's judgment in evaluating the credibility of the witnesses and the weight of the evidence presented. <u>Id</u>. at 162-63.

The trial court found that the defendant engaged in "[a]ssault or reckless conduct as defined by RSA 631:1 through RSA 631:3" and "[h]arassment as defined in RSA 644:4," RSA 173-B:1, I(a), (g), when he "grabbed plaintiff by the shoulder and chest while trying to take keys by force," "engaged plaintiff in a highly profane manner," and "struck plaintiff leaving a mark during a fight." The evidence supports these findings, and the finding that such conduct constituted a credible present threat to the plaintiff's safety. The remaining arguments in the defendant's brief are either insufficiently developed, or do not

otherwise warrant further discussion.  See State v. Blackmer, 149 N.H. 47, 49 (2003); Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**