NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Rockingham
Case No. 2023-0142
Citation: Keller v. Dwyer, 2024 N.H. 51

ROBERT R. KELLER, JR., TRUSTEE OF THE MIKA TRUST & a.

v.

CLEMENT S. DWYER & a.

Argued: April 23, 2024
Opinion Issued: September 10, 2024

Drummond Woodsum, of Portland, Maine (Mark V. Franco on the brief and orally), for the plaintiffs.

Getman, Schulthess, Steere & Poulin, P.A., of Manchester (Debbie Lorusso Makris and Jill A. Demello on the brief, and Debbie Lorusso Makris orally), for defendant Harbour Hill Condominium Association.

Lyons Law Offices, P.A., of Portsmouth (John E. Lyons, Jr. on the memorandum of law and orally), for defendants Clement and Martha Dwyer.

BASSETT, J.

[¶1] This case concerns an attempt to acquire a parking space. The plaintiffs, Robert and Susan Keller, co-trustees of the MIKA Trust, challenge the reassignment of a parking space by defendants Clement and Martha Dwyer from one condominium unit that they owned to their other condominium unit. The plaintiffs appeal orders of the Superior Court (Ruoff, J.) granting summary judgment in favor of the defendants, Harbour Hill Condominium Association (Harbour Hill) and the Dwyers, in their action seeking declaratory, injunctive, and other relief relative to alleged violations of the Condominium Act, RSA chapter 356-B. We affirm.

[¶2] We draw the following facts from the trial court's orders or the contents of the record before us. Harbour Hill is a residential condominium located in Portsmouth. When Harbour Hill was established, the declarant recorded multiple documents at the Rockingham County Registry of Deeds. Several of those documents, including the declaration of condominium, form warranty deed, and floor plans, address the parking spaces within the condominium. The declaration describes all parking spaces as limited common area, meaning that they are "a portion of the Common Area reserved for the exclusive use of one or more, but less than all, of the Units." Attached to the declaration was a form warranty deed that included blanks to designate which parking space, if any, would be designated to a specific unit. The floor plans labeled the parking spaces as "Limited Common Element," numbering each one separately, and labeled the rest of the garage as "Common Element."

[¶3] In 2006, the first owners bought Unit 11. Their deed from the declarant conveyed Parking Space 2 along with their unit. Several years later, the Dwyers bought Unit 11 and Parking Space 2, while already owning Unit 20 with an assigned parking space. The Dwyers then deeded Parking Space 2 to Unit 20 so that it would have two parking spaces. The condominium declaration was subsequently amended to reflect that transfer. The amendment passed by a vote of 84.274% of the unit owners present — exceeding the declaration's requirement that a two-thirds majority approve an amendment. Later, they sold Unit 11, which no longer came with an assigned parking space. That owner then sold the unit — again without a parking space — to the plaintiffs. When the plaintiffs bought Unit 11, they knew that it did not have an assigned parking space.

[¶4] The plaintiffs sued the defendants in an effort to secure a parking space for their condominium. They sought a declaratory judgment that the amendment to the declaration which reflected the transfer of Parking Space 2 to Unit 20 was invalid. In the alternative, they sought a declaratory judgment that the initial assignments and reassignments of parking spaces in the condominium were invalid. They also sought to enjoin the defendants from using Parking Space 2. The parties cross-moved for summary judgment. The

2

trial court granted the defendants' motion and denied the plaintiffs' motion. In its order, the trial court determined that the assignment of the parking spaces and, in particular, the reassignment of Parking Space 2, was authorized and properly effected. The plaintiffs moved for reconsideration. The motion was denied. This appeal followed.

[¶5] When reviewing rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. JMJ Properties, LLC v. Town of Auburn, 168 N.H. 127, 129 (2015). If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the trial court's grant of summary judgment. Id. at 129-30.

[¶6] The plaintiffs argue that Harbour Hill's declaration of condominium is defective under the Condominium Act, and, therefore, the purported assignment, and the reassignment, of Parking Space 2 were invalid. The defendants counter that, although the declaration of condominium is facially deficient, when all the condominium instruments are read together, the provisions of the Condominium Act are satisfied. We agree with the defendants.

[¶7] Resolving this issue requires that we interpret the Condominium Act and Harbour Hill's condominium instruments. Both present questions of law that we review de novo. Polonsky v. Town of Bedford, 171 N.H. 89, 93 (2018); Schaefer v. Eastman Community Assoc., 150 N.H. 187, 190-91 (2003). When interpreting statutes, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Polonsky, 171 N.H. at 93. We construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result. Id. Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole. Id.

[¶8] Because the plaintiffs base their argument on their assertion that Harbour Hill's declaration is defective under RSA 356-B:16, I(e) (2022), we begin there. RSA 356-B:16, I, lists the requirements for every declaration of condominium. See RSA 356-B:16, I (2022). It requires that every declaration of condominium include "[a] description or delineation of the limited common areas, if any, showing or designating that unit or units to which each is assigned." RSA 356-B:16, I(e). Limited common area is defined as "a portion of the common area reserved for the exclusive use of those entitled to the use of one or more, but less than all, of the units." RSA 356-B:3, XX (2022). As Parking Space 2 was always described as limited common area, Harbour Hill's declaration was required to designate the unit or units to which it was

3

assigned. <u>See</u> RSA 356-B:16, I(e). It did not do so, and therefore it was deficient. <u>See</u> <u>id</u>.

[¶9] But "[t]he condominium instruments shall be construed together and shall be deemed to incorporate one another to the extent that any requirement of this chapter as to the content of one shall be deemed satisfied if the deficiency can be cured by reference to any of the others." RSA 356-B:13 (2022). RSA 356-B:3, VI provides that "'[c]ondominium instruments' is a collective term referring to the declaration, bylaws, and site plans and floor plans, recorded pursuant to the provisions of this chapter." RSA 356-B:3, VI (2022). It encompasses "[a]ny exhibit, schedule, or certification accompanying a condominium instrument and recorded simultaneously." <u>Id</u>. Here, the condominium instruments include the floor plan and the form warranty deed, and the floor plan designates Parking Space 2 as a "limited common element." Taken together, the documents establish that a parking space could be assigned to a particular unit at the time of sale.

[¶10] RSA 356-B:20 permits limited common area, such as parking spaces, to be assigned at a later date. <u>See</u> RSA 356-B:20, V (2022). This statute, which details the requirements for site plans and floor plans, requires that these plans "be recorded simultaneously with the declaration" of the condominium. <u>See</u> RSA 356-B:20, I-II (2022). Subsection V of the statute provides that "[t]he limited common areas shall be labeled as such, and each limited common area depicted on the site plans and floor plans shall bear the identifying number or numbers of the unit or units to which it is assigned, <u>if it has been assigned</u> . . . ." RSA 356-B:20, V (emphasis added). This section does not require a site plan and floor plan to identify the unit to which each limited common area is assigned at the time the instruments are recorded. <u>Id</u>. It must do so only if a unit has been assigned at that time. <u>Id</u>. The logical implication is that limited common areas, such as parking spaces, need not be assigned when condominium instruments are recorded. Here, the parking spaces were not assigned at the time of the recording of the floor plan; therefore, the floor plan was not required to assign specific parking spaces to specific units. <u>See</u> <u>id</u>. Accordingly, when the floor plan and the form warranty deed are construed in light of RSA 356-B:20, V, they cure any deficiency in Harbour Hill's declaration regarding the allocation of parking spaces. <u>See</u> <u>id</u>.; RSA 356-B:13.

[¶11] We next turn to the issue of whether the subsequent reassignment of Parking Space 2 from Unit 11 to Unit 20 satisfied the requirements of the Condominium Act. The plaintiffs contend that the amendment to the declaration did not properly reassign the parking space because the deficiency in the documents prevented it from being limited common area in the first place. They argue that, because of the deficiency, all the parking spaces remained common area before the amendment. They further contend that because Parking Space 2 was always common area, in order to reassign the

4

parking space as limited common area, the defendants needed to obtain the unanimous consent of "all unit owners adversely affected." See RSA 356-B:19, I (2022). The defendants counter that the reassignment by amendment complied with RSA 356-B:19 because the parking space was limited common area that was reassigned with the consent of all adversely affected unit owners as well as the consent of a two-thirds majority of unit owners. Because Parking Space 2 was always described as limited common area, we agree with the defendants that they received the consent of the owners.

[¶12] RSA 356-B:19 governs the reassignment of limited common areas. RSA 356-B:19 (2022). Any reassignment of limited common area must be expressly provided for in the condominium instruments and comply with the terms of the Condominium Act. Id.; Holt v. Keer, 167 N.H. 232, 240 (2015). To comply with the Condominium Act, an amendment to a condominium declaration cannot "alter any rights or obligations with respect to any limited common area" unless the unanimous consent of "all unit owners adversely affected" is obtained. RSA 356-B:19, I; Holt, 167 N.H. at 240.

[¶13] Here, the parking space was properly reassigned. Section 4-300 of the declaration of condominium expressly provided for the reassignment of the limited common area:

> The use of the Limited Common Area shall not be altered without the consent of all the Unit Owners affected expressed in an amendment to the Declaration duly recorded and, without such consent, shall not be separated from the Unit(s) to which it is appurtenant, it being deemed to be conveyed or encumbered with the Unit(s) even though it is not expressly mentioned or described in the instrument of conveyance or encumbrance.

Under this section, limited common area, such as Parking Space 2, can be reassigned if a recorded amendment expresses "the consent of all the Unit Owners affected." The Condominium Act requires the consent of "all unit owners adversely affected." RSA 356-B:19, I. We need not decide whether the scope of these two terms differs — rather, we need note only that securing the consent of all "affected" unit owners encompasses securing the consent of all "adversely affected" unit owners.

[¶14] The reassignment followed the express provisions of Harbour Hill's declaration and complied with the terms of the Condominium Act. The defendants recorded an amendment to the declaration that reassigned Parking Space 2 after 84.274% of the attending unit owners voted in favor of the reassignment, thereby exceeding the required two-thirds majority to approve an amendment. That amendment also had the consent of all affected unit owners. When Parking Space 2 was transferred from Unit 11 to Unit 20, the Dwyers owned both units. As the only unit owners involved in the transfer,

5

they were the only unit owners "affected."  The other unit owners were not adversely affected here because the reassignment of Parking Space 2 left the rights of the other unit owners intact.  See Holt, 167 N.H. at 243.  Therefore, because the condominium documents expressly provided for the reassignment and all unit owners affected agreed to the reassignment, we agree with the trial court that the recorded amendment that reassigned Parking Space 2 complied with the Condominium Act and the declaration.

[¶15] We have considered the plaintiffs' remaining arguments, and have concluded that they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).  For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.

6