# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0629, <u>Garry R. Lane & a. v. City of Dover & a.</u>, the court on April 4, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The plaintiffs, Garry R. Lane and Marcia Lane, appeal an order of the Superior Court (<u>Howard</u>, J.) upholding a decision of the zoning board of adjustment (ZBA) for the City of Dover to grant an equitable waiver of zoning dimension requirements to the plaintiffs' abutters, Dana Brown and Sherri Brown (applicants). <u>See</u> RSA 674:33-a (2016). The plaintiffs argue that the trial court erred by upholding the ZBA's finding that the applicants "substantially completed" the structure at issue for purposes of RSA 674:33-a, I(a), one of the statutory elements the ZBA must find to grant an equitable waiver. We affirm.

The following facts are drawn from the trial court order. The plaintiffs and the applicants own abutting properties. In 2022, the applicants obtained a building permit to construct a garage 12 feet from the property lines. Although the applicable setback for accessory buildings within the city's residential districts is generally 10 feet, the applicable setback for the applicants' property — located in an open space subdivision — is 20 feet.

The applicants completed the site work, poured a foundation, and constructed frost walls, which were later inspected and approved by the city's building inspector. Following the inspector's approval, the applicants constructed and sheathed the walls of the garage and began installation of roof trusses. Thereafter, on February 4, 2022, the plaintiffs complained to the city about a suspected violation. The city met with the applicants on February 7 and issued a stop-work order the following week. The applicants ceased all construction on February 7. As of the stop-work order, the applicants had spent approximately $46,000 to construct the garage and they represented to the ZBA that it was approximately 75% complete.

The applicants subsequently applied for an equitable waiver pursuant to RSA 674:33-a to allow the garage to remain in its approved location. The ZBA unanimously granted the equitable waiver, finding that all four of the required criteria were met. The ZBA denied the plaintiffs' request for rehearing. The plaintiffs then appealed to the superior court, the central issue being whether there was "substantial completion" under RSA 674:33-a. The trial court found that the relevant date to "assess the completion of the structure is February 7,

2022" and that the ZBA had ample evidence to find that the garage was substantially complete as of that date. The trial court thus affirmed the decision of the ZBA. This appeal followed.

Judicial review in zoning cases is limited. Dietz v. Town of Tuftonboro, 171 N.H. 614, 618 (2019). The ZBA's findings of fact are deemed prima facie lawful and reasonable, and its decision will not be set aside by the trial court absent errors of law, unless the court is persuaded, by the balance of probabilities on the evidence before it, that the decision is unreasonable. See id.; RSA 677:6 (2016). The trial court's task is not to determine whether it agrees with the ZBA's findings, but whether there is evidence upon which the findings reasonably could have been based. Dietz, 171 N.H. at 618. We, in turn, will uphold the trial court's decision unless it is unsupported by the evidence or legally erroneous. Id. We review statutory interpretation questions de novo. Id.

In matters of statutory interpretation, we look first to the language of the statute itself, and whenever possible, construe statutory language according to its plain and ordinary meaning. Id. at 619. We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result, and do not consider individual statutory words or phrases in isolation, but within the context of the statute as a whole. Id. This construction enables us to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme. Id.

RSA 674:33-a, I, lists the required findings that the ZBA must make in order to grant an equitable waiver. The parties do not dispute that only the first prong of the statute is at issue in this appeal. The relevant provision of RSA 674:33-a, I, provides:

> When a lot or other division of land, or structure thereupon, is discovered to be in violation of a physical layout or dimensional requirement imposed by a zoning ordinance enacted pursuant to RSA 674:16, the [ZBA] shall, upon application by and with the burden of proof on the property owner, grant an equitable waiver from the requirement, if and only if the [ZBA] makes all of the following findings:
>
> (a) That the violation was not noticed or discovered by any owner, former owner, owner's agent or representative, or municipal official, until after a structure in violation had been substantially completed, or until after a lot or other division of land in violation had been subdivided by conveyance to a bona fide purchaser for value;

RSA 674:33-a, I (emphasis added).

2

In upholding the ZBA's decision to grant an equitable waiver, the trial court relied upon common dictionary definitions of "substantially" and "completed," and in part upon our analysis in AWL Power v. City of Rochester, 148 N.H. 603 (2002), to conclude that the phrase "substantially completed" in RSA 674:33-a, I(a) "means having largely, but not all, necessary components." The plaintiffs argue that the trial court should have instead relied upon the definition of "substantial completion" in the statute of repose for construction defect claims, see RSA 508:4-b, II (2010), and upon other authorities discussing the doctrine of "substantial completion" within the context of construction contracts, to rule that a structure is not "substantially completed" under RSA 674:33-a, I(a) unless it is "ready to be used for its intended purpose." Because the applicants' garage was not sufficiently completed to be used for its intended purpose, the plaintiffs argue that it was not "substantially completed" for purposes of RSA 674:33-a, I(a). We disagree.

By its express language, the evident purpose of RSA 674:33-a, I, is to empower a ZBA to grant an equitable remedy to a landowner who has detrimentally relied, in good faith, upon certain mistakes, including a mistake by a municipal official regarding the applicability of a zoning dimensional requirement in granting a permit. See RSA 674:33-a, I(b). That is precisely what occurred in this case.

In AWL Power, we reversed a superior court decision that a developer had not engaged in "substantial construction" of a previously approved project so as to acquire a vested right in the project's completion because the developer had expended only a fraction of the total projected costs for the overall project. See AWL Power, 148 N.H. at 604-08. We observed that the trial court's focus upon the percentage of the project completed "resemble[d] the 'substantial completion' test used to determine whether a contract is performed." Id. at 606. This analysis was improper, we reasoned, because "vested rights are not based upon a contract theory," but rather "stem from the developer's good faith reliance upon the absence of applicable zoning regulations." Id. at 606-07. We concluded that "[t]he correct standard for 'substantial construction' vesting considers not only construction measured against the entire plan, but also whether the amount of completed construction is per se substantial in amount, value or worth. Whether or not construction is substantial thus depends upon the facts and circumstances of each case." Id. at 608.

The rationale underlying the "substantial construction" standard in vested rights cases is protecting a property owner's good faith detrimental reliance upon the absence of a zoning regulation that would prohibit a project. Id. at 606. We agree with the city and the applicants that this rationale is analogous to the purpose of the equitable waiver statute — protecting a property owner's good faith detrimental reliance upon a municipal official's error in granting a permit. Just as borrowing the "substantial completion" test from contract law would have undermined the rationale for vested rights in

<u>AWL Power</u>, importing the same contract law doctrine to interpret the words "substantially completed" in RSA 674:33-a, I(a) would likewise contravene the overall equitable purpose of the statute.

Accordingly, when the words "substantially completed" are considered within their overall statutory context, <u>see</u> <u>Dietz</u>, 171 N.H. at 619, we conclude that the trial court did not err by interpreting them, in accordance with common dictionary definitions, to mean, "having largely, but not all, necessary components." Nor did the trial court err by determining that there was evidence before the ZBA upon which its determination that the applicants had substantially completed the garage could reasonably have been based. <u>See</u> <u>Dietz</u>, 171 N.H. at 618. Because the trial court's decision was neither unsupported by the evidence nor legally erroneous, we uphold it. <u>See</u> <u>id</u>. We have considered the plaintiffs' remaining arguments, and have concluded that they do not warrant further discussion. <u>See</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

4