# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0419, <u>In the Matter of Taylor Coyne and Ashley Blanchfield</u>, the court on October 30, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The respondent, Ashley Blanchfield (Mother), appeals an order of the Circuit Court (<u>Pendleton</u>, J.) ruling that it retains exclusive, continuing jurisdiction over a child custody matter between Mother and the petitioner, Taylor Coyne (Father). We affirm.

I.     <u>Background</u>

The trial court found the following facts, or they are supported by the record. Mother and Father are unmarried and have two children who were born in 2020. In December 2021, the parties filed a joint stipulation "regarding relocation and parenting" with the trial court, in which the parties agreed, among other things, to allow Mother to relocate to Maine with the children for work purposes. (Capitalization and bolding omitted.) The stipulation provides: "Both Parties agree that New Hampshire shall maintain jurisdiction over this matter during the Mother's relocation and while she resides in Maine for a minimum of 6 months to one year." The trial court approved the stipulation in December 2021 (hereinafter, the relocation order), and Mother moved to Maine with the children. In January 2023, the court entered a final uniform support order and a final parenting plan.

In August 2023, Mother filed an affidavit and request to register a foreign child custody order (the Maine petition) with the Maine District Court pursuant to Maine's Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Mother represented that the Maine court had jurisdiction to modify the foreign child custody order because "[t]he court of the other state has determined that it no longer has exclusive, continuing jurisdiction . . . or that a Maine court would be a more convenient forum." Mother moved to hold Father in contempt under the final parenting plan and to modify the final plan. Father moved to dismiss the Maine petition, arguing that the court lacked jurisdiction over the final parenting plan because New Hampshire maintains exclusive, continuing jurisdiction over this case.

Following a hearing, the Maine court granted the motion to dismiss. The court stated that Maine law requires that the New Hampshire court must determine that it no longer has exclusive, continuing jurisdiction or that a Maine court would be a more appropriate forum and, in this case, "the New Hampshire court has not made any such determinations." The Maine court found that "[t]he fact that the parties agreed in December 2021 that the New Hampshire court's jurisdiction would continue for 'six months to a year' does not surpass or override the requirements of the UCCJEA." Accordingly, the court dismissed the Maine petition for lack of jurisdiction.

Mother then filed a petition in the New Hampshire trial court asking it to relinquish jurisdiction over this case to Maine pursuant to RSA chapter 458-A (2018). Mother asked the court to confirm that the relocation order relinquished the court's jurisdiction over this matter at the end of one year or, alternatively, to conclude that New Hampshire is an inconvenient forum and that Maine is a more appropriate forum pursuant to RSA 458-A:18. After briefing and argument on the issue, the trial court concluded that New Hampshire retains exclusive, continuing jurisdiction over this matter and that New Hampshire is not an inconvenient forum. Mother unsuccessfully moved for reconsideration. This appeal followed.

II.     Analysis

Mother argues that the trial court: (1) erred in concluding that New Hampshire continues to maintain exclusive, continuing jurisdiction over this matter, see RSA 458-A:13; and (2) unsustainably exercised its discretion by failing to conclude that New Hampshire is an inconvenient forum and that Maine is a more appropriate forum, see RSA 458-A:18. We address these arguments in turn.

A. Exclusive, Continuing Jurisdiction

The task of avoiding jurisdictional conflicts begins with an initial determination as to which state maintains exclusive, continuing jurisdiction over child custody determinations. In the Matter of McAndrews & Woodson, 171 N.H. 214, 218 (2018). RSA 458-A:13, I, provides:

I. Except as otherwise provided in RSA 458-A:15, a court of this state which has made a child-custody determination consistent with RSA 458-A:12 or RSA 458-A:14 has exclusive, continuing jurisdiction over the determination until:

(a) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state

concerning the child's care, protection, training, and personal relationships; or

   (b) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

The use of the phrase "[a] court of this state" in subsection (a) makes it clear that the original decree state is the sole determinant of whether jurisdiction continues under that subsection. See In the Matter of Yaman & Yaman, 167 N.H. 82, 88 (2014). A party seeking to modify a custody determination under that subsection must obtain an order from the original decree state stating that it no longer has jurisdiction. See id.

New Hampshire initially had exclusive, continuing jurisdiction over this matter because a court of this state made a child custody determination, and Father resides here. See RSA 458-A:13, I. Mother argues, however, that New Hampshire no longer maintains exclusive, continuing jurisdiction because the trial court relinquished jurisdiction over this matter pursuant to the terms of the relocation order. See id.

The interpretation of a court order is a question of law, which we review de novo. In the Matter of Sheys & Blackburn, 168 N.H. 35, 39 (2015). In construing a court order, we look to the plain meaning of the words used in the document. Id. We construe subsidiary clauses so as not to conflict with the primary purpose of the trial court's decree. Id. at 39-40. As a general matter, a court decree or judgment is to be construed with reference to the issues it was meant to decide. Id. at 40.

The relocation order granted Mother permission to move to Maine with the children, and states in part: "Both Parties agree that New Hampshire shall maintain jurisdiction over this matter during the Mother's relocation and while she resides in Maine for a minimum of 6 months to one year." We are unpersuaded that this language provides that the trial court relinquished jurisdiction. The relocation order does not provide that New Hampshire loses jurisdiction over this matter after one year; rather, it sets a minimum timeframe during which the court will not relinquish jurisdiction. Further, the relocation order neither references RSA 458-A:13, which provides the requirements for New Hampshire courts to relinquish jurisdiction over child custody determinations, nor does it make the requisite findings under that statute. Accordingly, we conclude that the relocation order does not provide that the court loses exclusive, continuing jurisdiction over this matter.

3

B.  Inconvenient Forum

A court with exclusive, continuing jurisdiction may decline to exercise jurisdiction if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. See RSA 458-A:18, I; McAndrews, 171 N.H. at 219.  RSA 458-A:18, II provides a list of factors that the trial court must consider in conducting its inconvenient forum analysis.  See McAndrews, 171 N.H. at 217.

Mother argues that the trial court failed to properly weigh the evidence and consider all relevant facts when it considered the factors in RSA 458-A:18, II(b), (d), (e), (f), (g), and (h).  The trial court's decision to retain or relinquish a child custody case on inconvenient forum grounds falls within the court's discretion.  See McAndrews, 171 N.H. at 218.  We will overturn the trial court's decision only if we find an unsustainable exercise of discretion.  Id.  This standard of review requires that Mother demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of her case.  See id. When a party argues that a court unsustainably exercised its discretion because its decision was not supported by the evidence, we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably be made.  See In the Matter of Choy & Choy, 154 N.H. 707, 713 (2007).  We address the challenged factors in turn.

RSA 458-A:18, II(b) provides that the trial court, when conducting its inconvenient forum analysis, must consider "[t]he length of time the child has resided outside this state."  The trial court considered this factor and found that, while the children have lived in Maine for "the past several years," "[t]hey have maintained regular contact with New Hampshire by visiting the father and family located in New Hampshire on a regular basis."  The record supports that the children have resided in Maine for several years, and Mother concedes that "[Father] could see the children in New Hampshire" as of April 2023.  Thus, the record and Mother's concession support the trial court's findings on this factor.

RSA 458-A:18, II(d) provides that the trial court must consider "[t]he relative financial circumstances of the parties."  The trial court considered this factor and concluded that Mother "is financially better able to absorb the financial cost" of litigating this matter in another state than Father.  The trial court noted Mother's acknowledgement that she makes approximately $500,000 per year and that Father makes approximately $125,000 per year.  There is an objective basis in the record for those figures, and Mother does not dispute the accuracy of those figures on appeal.  Accordingly, Mother has failed to demonstrate that the trial court erred.

4

RSA 458-A:18, II(e) provides that the trial court must consider "[a]ny agreement of the parties as to which state should assume jurisdiction." Mother argues that the December 2021 stipulation was an agreement between the parties that New Hampshire would relinquish jurisdiction after one year. The trial court considered and rejected this argument, and — as explained above — we agree with the court's conclusion that the stipulation does not establish that the parties agreed to relinquish jurisdiction in New Hampshire.

Lastly, RSA 458-A:18, II(f), (g), and (h) provide that the trial court must consider "[t]he nature and location of the evidence required to resolve the pending litigation, including testimony of the child"; "[t]he ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence"; and "[t]he familiarity of the court of each state with the facts and issues in the pending litigation." The trial court considered all these factors. The court noted that it is being asked to interpret and modify an agreement that it approved, that New Hampshire law applies to the agreement, and that if witnesses need to be called from Maine, they could testify via video link. The court also found that Mother submitted no evidence supporting the assertion that litigating this dispute in New Hampshire would cause unnecessary delay. Further, while Mother asserts that she would face procedural burdens to subpoena witnesses in Maine if the case must be litigated in New Hampshire, as the trial court observed, the same problem arises if the case were litigated in Maine and the parties sought to subpoena witnesses in New Hampshire.

Therefore, upon our review of the trial court's order, the written arguments of the parties, and the record submitted on appeal, we conclude that the trial court did not unsustainably exercise its discretion when it declined to rule that New Hampshire is an inconvenient forum and that Maine is a more appropriate forum pursuant to RSA 458-A:18. We have considered Mother's remaining arguments, and we conclude that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993); Sup. Ct. R. 25(8). Accordingly, we affirm.

Affirmed.

MACDONALD, C.J., and HANTZ MARCONI, DONOVAN, COUNTWAY, and GOULD, JJ., concurred.

**Timothy A. Gudas,
Clerk**

5