# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case Nos. 2022-0730 and 2024-0169, <u>State of New Hampshire v. Jordan Martin</u>, the court on May 2, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The defendant, Jordan Martin, appeals an order of the Superior Court (<u>Bornstein</u>, J.), issued following a hearing, denying his motion for a new trial based on alleged ineffective assistance of counsel. We affirm.

I.    <u>Background</u>

The following facts are supported by the record. In 2021, the defendant was indicted for felony indecent exposure and charged with five misdemeanor sexual assault complaints for conduct involving Victim 1, who was fourteen years old at the time of the conduct on January 25, 2021. The defendant was also charged with three misdemeanor simple assault complaints involving unwanted touching of Victim 2, Victim 1's mother, that occurred later that same night. All of the charges were filed under a single docket and were tried before a jury in the trial court in April 2022. The court dismissed one misdemeanor charge involving Victim 1 due to insufficient evidence. The jury convicted the defendant of the remaining charges. The defendant filed a notice of mandatory appeal in December 2022.

In June 2023, the defendant moved for a new trial arguing that trial counsel's failure to move to sever the charges involving Victim 1 from the charges involving Victim 2 rendered counsel's assistance constitutionally ineffective. Thereafter, trial counsel was deposed and further testified at a hearing on the defendant's motion. The trial court denied the motion, finding that trial counsel "acted competently and that his representation met an objective standard of reasonableness." The defendant unsuccessfully moved for reconsideration. The defendant then filed a notice of discretionary appeal in March 2024, which we accepted and consolidated with the mandatory appeal.

II.    <u>Analysis</u>

On appeal, the defendant focuses solely on the issues presented in his discretionary appeal. He argues, among other things, that the trial court erred when it found that trial counsel had "many valid strategic reasons that

supported his choice not to file a motion to sever" and that trial counsel "acted competently and that his representation met an objective standard of reasonableness." The defendant asserts that "[t]here was no valid strategic reason" to try the cases together. We disagree with the defendant.

Part I, Article 15 of the New Hampshire Constitution and the Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant reasonably effective assistance of counsel. N.H. CONST. pt. I, art. 15; U.S. CONST. amends. VI, XIV. To prevail upon his claim of ineffective assistance of counsel, the defendant must demonstrate, first, that his trial attorney's representation was constitutionally deficient and, second, that counsel's deficient performance actually prejudiced the outcome of the case. State v. Chandler, 176 N.H. 216, 229 (2023). The ineffective assistance of counsel analysis involves mixed questions of law and fact. Id. We will not disturb the trial court's factual findings unless they are not supported by the record or are erroneous as a matter of law, but we review the ultimate determination of whether each prong is met de novo. Id. Because the standard for determining whether a defendant has received ineffective assistance of counsel is the same under both the State and Federal Constitutions, we examine the constitutional competency of counsel's performance under the State Constitution, and rely upon federal case law only for guidance. Id.

To satisfy the first prong, the performance prong, the defendant "must show that counsel's representation fell below an objective standard of reasonableness." Id. The reasonableness of counsel's conduct is judged based upon the facts and circumstances of the particular case, viewed at the time of the conduct. Id. As we have previously observed,

> "Judicial scrutiny of counsel's performance must be highly deferential. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

Id. at 229-30 (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). To establish that a trial attorney's performance fell below the objective standard of reasonableness, the defendant must show that no competent lawyer would have engaged in the conduct of which he accuses his trial counsel. See id. at 230.

2

The trial court found that trial counsel had "many valid strategic reasons that supported his choice not to file a motion to sever." The record supports the trial court's finding. Trial counsel testified about the specific reasons he chose not to move to sever the cases. In trial counsel's view, although there was "inherently a concern that there's going to be prejudice flowing over from one to another" between the charges, a viable defense was to use all of the charges as part of the defense's theory of the case. Trial counsel observed that the State's theme at trial was that the defendant "sort of had gone wild that day" by first sexually assaulting Victim 1 and, later that night, assaulting Victim 2 in a sexual manner. Trial counsel explained that "to say that [the defendant] would all of a sudden do all of these wild things all at once, without any other indicia of that, was not credible." Further, trial counsel was concerned that severing the cases would give the State two opportunities to win at trial and, therefore, for his client to be exposed to incarceration twice. Trial counsel was also concerned that, if the cases were severed, the State would nonetheless introduce evidence of the other allegations under New Hampshire Rule of Evidence 404(b) as evidence of plan, intent, or to disprove a mistake or accident theory. Trial counsel explained that he "simply did not see this as a case that should be tried as two separate cases."

Given that our scrutiny of trial counsel's performance "must be highly deferential," and indulging "a strong presumption" that trial counsel's conduct fell within "the wide range of reasonable professional assistance," we conclude that the defendant has not "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Chandler, 176 N.H. at 229-30. Because the record reflects that trial counsel had several strategic reasons for choosing not to move to sever, we conclude that the defendant has failed to satisfy the performance prong as a matter of law. See State v. Fennell, 133 N.H. 402, 410 (1990) (finding no ineffective assistance of counsel for failing to bring a motion to sever, in part, because there were strategic reasons for not bringing the motion). In light of this conclusion, we need not address the prejudice prong. See State v. Fitzgerald, 173 N.H. 564, 573 (2020) ("A failure to establish either prong requires a finding that counsel's performance was not constitutionally defective."). We have considered the defendant's remaining arguments and have determined that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3