**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2024-0224, <u>135 NSS, LLC & a. v. City of Concord</u>, the court on August 12, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The plaintiffs, 135 NSS, LLC and Fred Potter, appeal an order of the Superior Court (<u>Kissinger</u>, J.) affirming a decision of the City of Concord Zoning Board of Adjustment (ZBA) in favor of the defendant, the City of Concord (City), that certain uses of property located at 135 North State Street (the property) exceeded the scope of previously granted variances. We affirm.

    I.    <u>Background</u>

The record reflects the following facts. The plaintiffs own property located at 135 North State Street. The property was previously used as a church campus, which consisted of a church, parish hall, rectory/mansion (the "mansion"), and a carriage house. The property was purchased by Jonathan Chorlian, and in 2018 he successfully sought a variance from the ZBA to subdivide the property into two lots and use them for new purposes.

One lot contained the church, parish hall, and carriage house. In accordance with the terms of the variance, Chorlian demolished the church and parish hall, and redeveloped the lot into a "pocket neighborhood" consisting of residential cottages. The second lot contained the mansion, which was permitted to be redeveloped into an office and a "live/work" space.

In August 2018, Chorlian sought a variance to expand the mansion lot to include the carriage house. The application sought to redevelop the carriage house to include a community room and a garage and storage space on the first floor, and fitness rooms on the second floor, as accessory uses to the office and live/work space in the mansion. The application represented that the carriage house would be used by the people in the office, the live/work space, and the pocket neighborhood. The ZBA granted the variance.

In September 2019, an attorney representing the plaintiffs emailed Craig Walker — the then Code Administrator for the City — to confirm that the above-described variances for the mansion and carriage house remained valid. Nothing in the record indicates that Walker disputed that the variances

remained effective. The mansion lot was subsequently conveyed to the plaintiffs.

David Hall — a subsequent Code Administrator for the City — later toured the property. Hall observed that the plaintiffs were offering rentals of the community space on the first floor of the carriage house for events and commercial rentals of golf and racing simulators in the second floor fitness rooms. In June 2022, he issued a zoning determination that the plaintiffs needed a variance to continue those uses. He concluded that the first floor use would be classified as "public assembly use" and the second floor use "as a Commercial Indoor Recreational Facility" under the City's Zoning Ordinance.

The plaintiffs appealed the determination to the ZBA. After a public hearing, the ZBA affirmed Hall's conclusion that the proposed uses exceeded those allowed under the scope of the existing variances. The plaintiffs moved for rehearing, which the ZBA granted. After a rehearing, the ZBA again affirmed Hall's determination.

The plaintiffs appealed the ZBA's decision to superior court. See RSA 677:4 (2016). A merits hearing was held in November 2023. Approximately one hour before the hearing, the plaintiffs filed a memorandum of law that, for the first time, requested limited discovery and a hearing regarding prior nonconforming uses of the property and the plaintiffs' municipal estoppel claims.

In February 2024, the trial court affirmed the ZBA's decision. The court concluded that the proposed uses were not contemplated by the existing variances, were not a continuation of historic nonconforming uses of the property, and that the elements of municipal estoppel were not met. The plaintiffs unsuccessfully moved for reconsideration. This appeal followed.

II.    Analysis

On appeal, the plaintiffs assert the following errors: (1) the ZBA's order results in an unconstitutional taking of their property; (2) "the ZBA's process was inherently defective to resolve [this] matter" in violation of their due process rights; (3) the trial court failed to grant them an evidentiary hearing prior to issuing its merits ruling; (4) the doctrine of municipal estoppel precludes the City from challenging their current use of the property; (5) their current use of the property is a continuation of a prior nonconforming use; and (6) their current use of the property falls within the scope of the existing variances and is not accurately categorized as an indoor commercial recreational facility. We address these arguments in turn.

This appeal requires us to review the superior court's order in an appeal from a decision of the ZBA. See Monadnock Rod and Gun Club v. Town of

Peterborough, 177 N.H. \_\_\_, \_\_\_ (2024), 2024 N.H. 61, ¶10.  The superior court was obligated to treat the factual findings of the ZBA as prima facie lawful and reasonable and could not set aside its decision absent unreasonableness or an identified error of law.  See id.; see also RSA 677:6 (2016).  We will uphold the superior court's decision unless it is unsupported by the evidence or is legally erroneous.  Monadnock, 177 N.H. at \_\_\_, 2024 N.H. 61, ¶10.

At the outset, the defendant correctly notes that the plaintiffs failed to raise their takings argument in their notice of appeal.  Arguments not raised in a party's notice of appeal are not preserved for appellate review.  Halifax–American Energy Co. v. Provider Power, LLC, 170 N.H. 569, 574 (2018).  Additionally, to the extent the plaintiffs argue that the ZBA's process was "inherently defective" in violation of their due process rights, we observe that the plaintiffs failed to raise any due process argument before the trial court.  We therefore conclude that the plaintiffs' due process argument is not preserved.  See State v. Oakes, 161 N.H. 270, 285 (2010).  Accordingly, we decline to address these arguments.

The plaintiffs next argue that the trial court erred by failing to grant them an evidentiary hearing.  The trial court makes its determination based upon the record before the zoning board and such other evidence as may have been received by the court.  Rochester City Council v. Rochester Zoning Bd. of Adjustment, 171 N.H. 271, 279 (2018).  Evidence beyond the certified record may be introduced in superior court and may be taken into consideration even though it was not before the board.  Id.  Such additional evidence is intended to assist the court in evaluating the action of the board where the record is incomplete.  Id.  It is within the discretion of the trial court to determine whether additional evidence will be taken.  Id.  Because the trial court is in the best position to determine the sufficiency of the record, we will not reverse its ruling on the admissibility of additional evidence, absent an unsustainable exercise of discretion.  Id.

The plaintiffs first requested an evidentiary hearing approximately one hour before the merits hearing in superior court.  At that time, the plaintiffs' counsel said in regard to the municipal estoppel issue, "if it's helpful to the Court and you want to hear more evidence . . . we would invite you to allow us to do additional discovery on that and have a hearing on that if you think you need that information."  The plaintiffs' counsel conceded, however, that the record was "replete" with evidence that the trial court needed to evaluate the ZBA's decision.  Under these circumstances, we conclude that the trial court sustainably exercised its discretion.

The plaintiffs further argue that the trial court erred when it affirmed the ZBA's conclusion that the doctrine of municipal estoppel does not bar the City from challenging the plaintiffs' use of the property.  Municipal estoppel is an equitable doctrine that has been applied to municipalities to prevent unjust

3

enrichment and to accord fairness to those who bargain with the agents of municipalities for the promises of the municipalities. Sutton v. Town of Gilford, 160 N.H. 43, 58 (2010). The elements of municipal estoppel are:

> first, a false representation or concealment of material facts made with knowledge of those facts; second, the party to whom the representation was made must have been ignorant of the truth of the matter; third, the representation must have been made with the intention of inducing the other party to rely upon it; and fourth, the other party must have been induced to rely upon the representation to his or her injury.

Id. Moreover, a party's reliance upon the representation must be reasonable. Id. Each element of estoppel requires a factual determination. Id. We will uphold the trial court's decision unless it is not supported by the evidence or is erroneous as a matter of law. Id.

The plaintiffs' appeal to the trial court did not allege that Walker or any representative of the City made false statements or concealed material facts. Indeed, as the trial court observed, the plaintiffs conceded that Walker "did not make a false representation or conceal facts in this case." Accordingly, we find no error.

Finally, the plaintiffs argue that the trial court erred when it concluded that: (1) their current use of the property is not a continuation of a prior nonconforming use; and (2) the ZBA's decision affirming Hall's determination was not unlawful or unreasonable.

Regarding the first argument, the plaintiffs assert that the trial court erred in affirming the ZBA's decision because their operations at the property are a continuation of historic nonconforming uses of the property. The court concluded that the demolition of the church and parish hall, and restoration of the property for new uses, demonstrated an "intentional and permanent discontinuance of the parish's historical use" and that those nonconforming uses had been abandoned. We agree with the trial court.

The interpretation of an ordinance is a question of law, which we review de novo. Naser v. Town of Deering Zoning Bd. of Adjustment, 157 N.H. 322, 324 (2008). Section 28-8-6(b) of the Concord Zoning Ordinance defines abandonment as the "intentional or implicit discontinuance of a nonconforming use for a specified period of time." Section 28-8-6(b)(1) explains that evidence of abandonment of a nonconforming use includes:

> In the case of a structure or of a structure and land in combination, the visible or otherwise apparent discontinuance of the use of a building, other structure or premises, resulting from

an owner's overt act or failure to act including but not limited to the removal of characteristic equipment or furnishings used in the performance of the use without its replacement by similar equipment or furnishings within a period of twelve (12) months[.]

The property was previously used as a church campus consisting of a variety of buildings. After Chorlian purchased the property, it was subdivided into two lots and the church and parish hall were demolished. Chorlian stated in his variance application to use the mansion as an office and live/work space that "this is not technically a permitted continuation of a nonconforming use," but he represented that "as a practical matter" the new use was almost identical to the historic use of the property "from an impact standpoint." The application initially proposed that the carriage house would be used as a "community building for the pocket neighborhood," and a subsequent application proposed that the carriage house would be "redeveloped by [Fred] Potter to include a 'community room' on a portion of the first floor," "garage/storage space on the first floor," and "fitness room(s) on the second story" as accessory uses to the mansion. Accordingly, the applications acknowledge that the new use of the mansion is not a continuation of a prior nonconforming use and indicate an intent to redevelop the carriage house for new uses. On this record, we conclude that the trial court's ruling was supported by the record and not legally erroneous. See Monadnock, 177 N.H. at ___, 2024 N.H. 61, ¶10.

Regarding the second argument, the ZBA affirmed Hall's conclusion that the plaintiffs' use of the property was not permitted by the variances and that the plaintiffs were using the second floor of the carriage house as a commercial indoor recreational facility. The trial court concluded that the ZBA's determination was not unlawful or unreasonable. We agree.

The variance allows the carriage house to include a community room, fitness rooms, and a garage and storage space as accessory uses to the mansion. The applications stated that the carriage house would be used by those working in the office, living in the live/work space, and residents of the pocket neighborhood, and did not represent that the carriage house would be available for commercial or public rentals. Accordingly, we are unpersuaded that the trial court's decision affirming the ZBA's determination that public use of the carriage house was not contemplated by the variances was unsupported by the evidence or legally erroneous. See id.

Additionally, the variance application made no mention of golf or racing simulators, and "fitness room(s)" does not necessarily contemplate such uses. Rather, as the code administrator found, golf and racing simulators are comparable to "bowling alleys," "billiard halls," and other indoor recreational activities listed in the City's Ordinance. See Concord Zoning Ordinance § 28-2-4 (Table of Principal Uses #C3). Accordingly, we are unpersuaded that the trial

court's decision affirming the ZBA's determination that (1) the plaintiffs' use of the second floor of the carriage house is not permitted by the existing variances and (2) the use is more accurately categorized as a commercial indoor recreational facility was unsupported by the evidence or legally erroneous.  See Monadnock, 177 N.H. at ___, 2024 N.H. 61, ¶10.

In sum, the plaintiffs have failed to demonstrate that the trial court erred, and we affirm.  We have considered the plaintiffs' remaining arguments and conclude that they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**