**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2024-0330, <u>Appeal of Girard Conti</u>, the court on August 14, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The petitioner, Girard Conti, appeals a decision of the Board of Tax and Land Appeals (BTLA) concluding that the respondent, the Town of Barnstead, properly denied his request for an "elderly exemption" under RSA 72:39-a (Supp. 2024) for the 2023 tax year. We affirm.

I.  <u>Background</u>

The petitioner is a resident of the Town of Barnstead (Town) and a veteran of the United States military. He receives monthly federal veterans' disability benefits and social security income. For the 2023 tax year, the petitioner sought an "elderly exemption" from the Town, <u>i.e.</u>, a property tax exemption for residents 65 years of age or over with an income of less than $30,000. Towns may elect to provide such "elderly exemptions" to their residents under RSA 72:39-b (2012). For purposes of the exemption, RSA 72:39-a defines income as "all moneys received, from any source including social security or pension payments." RSA 72:39-a, I(b).

The Town determined that the petitioner's income — including his federal veterans' benefits — exceeded $30,000 for the 2023 tax year and denied the exemption. The petitioner appealed to the BTLA, arguing that because his veterans' disability benefits are not taxable for federal income tax purposes, those benefits cannot be included as income to determine his eligibility for the Town's property tax exemption. After a hearing, the BTLA denied the petitioner's appeal, concluding that because RSA 72:39-a requires the Town to consider "all moneys received, from any source," the Town properly calculated the petitioner's income. The petitioner unsuccessfully sought a rehearing. This appeal followed.

II.  <u>Analysis</u>

On appeal, the petitioner argues that the BTLA's decision conflicts with federal law and thus violates the Supremacy Clause of the United States Constitution. Because the petitioner's argument poses a question of constitutional law, we review it <u>de</u> <u>novo</u>. <u>Appeal of Doe (Bd. of Med.)</u>, 177 N.H. ___, ___ (2025), 2025 N.H. 13, ¶11.

The Supremacy Clause provides that "the laws of the United States . . . shall be the supreme law of the land." U.S. CONST. art. VI, cl. 2; see Oneok, Inc. v. Learjet, Inc., 575 U.S. 373, 376 (2015). Congress may preempt a state law through federal legislation. Oneok, 575 U.S. at 376. It may do so through express language in a statute. Id. Congress may also implicitly preempt a state law, rule, or other state action. See id. at 376-77. It may do so either through "field" preemption or "conflict" preemption. Id. at 377. Conflict preemption exists where "compliance with both state and federal law is impossible," or where "the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id. (quotation and citation omitted).

The petitioner does not specify the federal statute he believes preempts RSA 72:39-a. However, in his brief, the petitioner cites In the Matter of Braunstein & Braunstein, 173 N.H. 38 (2020). That case considers 38 United States Code Section 5301(a)(1) — or its predecessor — an anti-attachment provision in the Veterans Administration (VA) federal statutory scheme. Braunstein, 173 N.H. at 42-44. Along with his written arguments, the petitioner submitted to the BTLA a letter that he received from the VA, which stated that "VA-service connected compensation benefits are tax free and are not countable income for any purposes as explained in Internal Revenue Service (IRS) Publications 525 and 907, which is derived from Title 38 United States Code (USC)." The petitioner also submitted the IRS publications referenced in the VA's letter.

Therefore, to the extent the petitioner argues that the Town's "application of RSA 72:39-a stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," we consider the federal law at issue to be 38 United States Code Section 5301(a)(1). (Quotation omitted.)

Section 5301(a)(1) provides that veterans' disability benefits payments:

> shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

38 U.S.C. § 5301(a)(1) (2012). In interpreting what is now Section 5301(a)(1), the United States Supreme Court has said that Congress's purpose was "to avoid the possibility of the Veterans' Administration . . . being placed in the position of a collection agency and to prevent the deprivation and depletion of the means of subsistence of veterans dependent upon these benefits as the main source of their income." Rose v. Rose, 481 U.S. 619, 630 (1987).

2

Relying on <u>Rose</u>, we have held that Section 5301(a)(1) does not preclude a trial court from considering federal veterans' benefits as income for the purpose of calculating alimony payments under RSA chapter 458. <u>In the Matter of Brownell & Brownell</u>, 163 N.H. 593, 597-98 (2012). In addition, we have held that Section 5301(a)(1) does not preclude a trial court from including veterans' benefits as income for child support purposes. <u>See</u> <u>Braunstein</u>, 173 N.H. at 41.

Contrary to the petitioner's argument, the same principles apply here. The Town is not a creditor under the federal statute. By including the petitioner's veterans' benefits as income to determine eligibility for a property tax exemption — as required by RSA 72:39-a — the Town is not taxing, attaching, levying, or seizing the petitioner's veterans' benefits. <u>See</u> 38 U.S.C. § 5301(a)(1). Instead, the Town is considering "all moneys received" to determine whether the petitioner is eligible for a local property tax exemption. RSA 72:39-a, I(b). Accordingly, we discern no conflict between RSA 72:39-a and Section 5301(a)(1) and conclude that the BTLA's decision did not violate the Supremacy Clause.

We have considered the petitioner's remaining arguments and have concluded that they do not warrant further discussion. <u>See</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993); <u>Sup. Ct. R.</u> 25(8).

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**<br>**Clerk**